STATE OF NORTH CAROLINA v. ROBERT MACFARLANE DAVISON

No. COA09-212

(Filed 8 December 2009)

**1. Sentencing— lifetime satellite-based monitoring— required findings**

The trial court did not follow correct procedure when including lifetime satellite-based monitoring (SBM) in defendant's sentence for indecent liberties and attempted first-degree sexual offense. The court did not make the findings required by N.C.G.S. § 14-208.40A (pre-2008 amendment) before reaching the risk assessment stage.

**2. Sentencing— sexual offenses—aggravated—consideration of underlying facts**

The trial court erred when sentencing defendant for indecent liberties and attempted first-degree sexual offense by finding that defendant was convicted of an aggravated offense based in part on defendant's plea colloquy. The language of the stat-

utes is clear: when making a determination pursuant to N.C.G.S. § 14-208.40A (pre-2008 amendment), the trial court is only to consider the elements of the offense of which defendant was convicted and not the underlying factual scenario.

Appeal by Defendant from judgment and order entered 29 September 2008 by Judge R. Stuart Albright in Superior Court, Forsyth County. Heard in the Court of Appeals 2 September 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Joseph Finarelli, for the State.*

*Cheshire, Parker, Schneider, Bryan & Vitale, by John Keating Wiles, for Defendant-Appellant.*

McGEE, Judge.

Robert MacFarlane Davison (Defendant) entered an *Alford* plea of guilty on 29 September 2008 to attempted first-degree sex offense and taking indecent liberties with a child. The trial court sentenced Defendant to a term of 94 months to 122 months in prison and ordered Defendant, following his release from custody, to enroll in a satellite-based monitoring (SBM) program for the remainder of his natural life. Defendant appeals from the order subjecting him to SBM. for the remainder of his natural life.

As a factual basis for Defendant's plea, the State asserted that BM, the victim, was five years old at the time of the offense. BM, along with her mother and sister, had been staying with Defendant in his residence after BM's mother moved from her marital residence because of family issues. BM's mother left BM in Defendant's care during the evenings while she worked.

BM informed her mother one morning that her "coochee [referring to her vagina] hurt because [Defendant] wouldn't quit touching it." BM's mother inspected that area of BM's body and took BM to an emergency room. Defendant was subsequently charged with first-degree sex offense and indecent liberties with a child. Defendant entered an *Alford* plea in exchange for the State's agreement to reduce the charge of first-degree sex offense to attempted first-degree sex offense and to limit the sentence for the charge of indecent liberties to the bottom of the mitigated range.

In entering his plea, Defendant made the following statement to the trial court:

I want it perfectly clear that everybody says I put my finger in her, it was the very tip. I did not insert my finger like everybody is implying. Like when you swipe for a booger, that's all, but under the statute law, that was a crime. . . . I meant no harm. She was the one laying on the floor. She was the one that I say lethargic [sic], because I had a massive migraine and I didn't understand at the time that she had actually—was falling asleep. This was at a midnight time frame and I now know that she had fallen asleep, and when I woke her up laying on the bathroom floor, it caught her by surprise. And when she said her weewee hurt, I had all these toys and I didn't know—I said, "Why does your weewee hurt?" She had mentioned that she had put something where she shouldn't have. So that's why my mind thought, well, maybe she put something in there. So I wasn't trying to molest her. . . .

The trial court accepted Defendant's plea, finding that both of the offenses were "sexually violent offenses as defined by statute, making both of them reportable [convictions pursuant to N.C. Gen. Stat. § 14-208.6(4).]" The trial court also found that the offenses "involve[d] the sexual, physical and mental abuse of a minor."

The trial court entered the following order:

The [c]ourt would order the State to have a risk assessment performed on this offender before the end of the day, if at all possible, and report back to the [c]ourt. Given the fact of his confession, which I was unaware of, and given the fact of what he's pleading guilty to, I'd be inclined to still find it's an aggravated offense when you combine the two together. However, I still want to see the risk assessment in any event, and I will continue these proceedings. That's the judgment of the [c]ourt. The only reason I'm continuing the rest of the proceedings is to determine the duration of the lifetime or the duration of the satellite monitoring and possibly lifetime registration requirements.

In a brief exchange with Defendant's counsel, the trial court stated: "At this point, I would be inclined to find an aggravated offense. However, because we can do it and I'd rather just go ahead and do it on the front end, let's go ahead and have his risk assessment performed."

The risk assessment was completed that day and Defendant was determined to be in the "Low" risk category. After reviewing the risk assessment, the trial court then made the following announcement:

All right. I have the assessment. It's a low category. Notwith-standing what the assessment is—and I appreciate the assess-ment being completed—obviously I didn't know all the facts of the case until I heard from both parties. Given the fact that it's undisputed about at least the defendant's confession as to what he—it's no longer allegedly did to the victim in the case. I under-stand there are different reasonings possibly, but coupled with what he did, his overt acts to the child, with his pleas, I'm going to find it to be an aggravated offense and I will order monitoring and registration for a lifetime. That's going to be the judgment of the [c]ourt.

### Defendant's Argument

Defendant argues the trial court erred in ordering that Defendant be registered as a sex offender for life and also be enrolled in SBM for life, because the trial court lacked statutory authority to do so. Defendant asserts that the trial court failed to follow the procedure set forth by statute for determining whether SBM is required. Defendant also argues the trial court lacked statutory authority to order Defendant to enroll in SBM for life because its finding that the crimes to which Defendant entered *Alford* pleas constituted "aggra-vated offense[s]" was erroneous as a matter of law. We agree and address each argument in turn.

Resolution of issues involving statutory construction is "ulti-mately a question of law for the courts." *Brown v. Flowe*, 349 N.C. 520, 523, 507 S.E.2d 894, 896 (1998). " ' "[W]here an appeal presents [a] question[] of statutory interpretation, full review is appropriate," ' and we review a trial court's conclusions of law *de novo*." *Bruning & Federle Mfg. Co. v. Mills*, 185 N.C. App. 153, 156, 647 S.E.2d 672, 674, *cert. denied*, 362 N.C. 86, 655 S.E.2d 837 (2007), (quoting *Coffman v. Roberson*, 153 N.C. App. 618, 623, 571 S.E.2d 255, 258 (2002)). We therefore review *de novo* the trial court's interpretation of the proce-dure required under N.C. Gen. Stat. § 14-208.40A and the trial court's application of the statutory procedure in this case.

In matters of statutory interpretation, our Court applies the fol-lowing principle set forth by our Supreme Court: " '[w]hen the lan-guage of a statute is clear and without ambiguity, it is the duty of this Court to give effect to the plain meaning of the statute, and judicial construction of legislative intent is not required.' " *State v. Abshire*, 363 N.C. 322, 329-30, 677 S.E.2d 444, 450 (2009) (quoting *Diaz v. Div. of Soc. Servs.*, 360 N.C. 384, 387, 628 S.E.2d 1, 3 (2006)).

STATE v. DAVISON

[201 N.C. App. 354 (2009)]

*Sentencing Procedure*

**[1]** We first address whether the trial court followed the correct procedure in sentencing Defendant. We hold that it did not.

The SBM program was created to monitor two categories of offenders:

(1) Any offender who is convicted of a reportable conviction as defined by G.S. 14-208.6(4) and who is required to register under Part 3 of Article 27A of Chapter 14 of the General Statutes because the defendant is classified as a sexually violent predator, is a recidivist, or was convicted of an aggravated offense as those terms are defined in G.S. 14-208.6.

(2) Any offender who satisfies all of the following criteria: (i) is convicted of a reportable conviction as defined by G.S. 14-208.6(4), (ii) is required to register under Part 2 of Article 27A of Chapter 14 of the General Statutes, (iii) has committed an offense involving the physical, mental, or sexual abuse of a minor, and (iv) based on the Department's risk assessment program requires the highest possible level of supervision and monitoring.

N.C. Gen. Stat. § 14-208.40(a) (2007).

N.C. Gen. Stat. § 14-208.40A (2007) sets forth the procedural framework for a determination of SBM enrollment.[1] First, a trial court must determine whether a defendant's conviction is "a reportable conviction" as defined by N.C. Gen. Stat. § 14-208.6(4). N.C. Gen. Stat. § 14-208.40A(a) (2007). A "reportable conviction" is defined in pertinent part as "[a] final conviction for an offense against a minor, a sexually violent offense, or an attempt to commit any of those offenses unless the conviction is for aiding and abetting[.]" N.C. Gen. Stat. § 14-208.6(4)(a) (2007).

The next step requires that

the district attorney shall present to the court any evidence that (i) the offender has been classified as a sexually violent predator pursuant to G.S. 14-208.20, (ii) the offender is a recidivist, (iii) the conviction offense was an aggravated offense, or (iv) the offense

_____

1. We note that N.C.G.S. § 14-208.40A was amended in 2008 by 2008 N.C. Sess. Laws 117. However, this amendment did not take effect until 1 December 2008. Defendant's sentencing hearing occurred on 29 September 2008 and was therefore subject to the 2007 version of the statute.

involved the physical, mental, or sexual abuse of a minor. The district attorney shall have no discretion to withhold any evidence required to be submitted to the court pursuant to this subsection.

The offender shall be allowed to present to the court any evidence that the district attorney's evidence is not correct.

N.C.G.S. § 14-208.40A(a).

After presentation of the above-described evidence by the district attorney, the trial court must determine whether a defendant's conviction places the defendant "in one of the categories described in G.S. 14-208.40(a)[.]" N.C. Gen. Stat. § 14-208.40A(b)(2007). If so, the trial court

shall make a finding of fact of that determination, specifying whether (i) the offender has been classified as a sexually violent predator pursuant to G.S. 14-208.20, (ii) the offender is a recidivist, (iii) the conviction offense was an aggravated offense, or (iv) the offense involved the physical, mental, or sexual abuse of a minor.

*Id.*

The trial court next determines whether SBM enrollment is warranted. N.C.G.S. § 14-208.40A provides:

(c) If the court finds that the offender has been classified as a sexually violent predator, is a recidivist, or has committed an aggravated offense, the court shall order the offender to enroll in a satellite-based monitoring program for life.

(d) If the court finds that the offender committed an offense that involved the physical, mental, or sexual abuse of a minor, that offense is not an aggravated offense, and the offender is not a recidivist, the court shall order that the Department [of Corrections] do a risk assessment of the offender. The Department shall have a minimum of 30 days, but not more than 60 days, to complete the risk assessment of the offender and report the results to the court.

N.C.G.S. § 14-208.40A. Subsection (d) is clear that a risk assessment will be ordered only where subsection (c) is not implicated. .

Finally, after receiving the risk assessment from the Department of Correction (DOC), the trial court

shall determine whether, based on the Department's risk assessment, the offender requires the highest possible level of supervision and monitoring. If the court determines that the offender does require the highest possible level of supervision and monitoring, the court shall order the offender to enroll in a satellite-based monitoring program for a period of time to be specified by the court.

N.C. Gen. Stat. § 14-208.40A(e)(2007).

### The Procedure Used by the Trial Court

In the case before us, the trial court failed to correctly follow the above-described statutory procedure set forth by the General Assembly. The trial court correctly made an initial finding that Defendant had been convicted of a reportable offense pursuant to N.C.G.S. § 14-208.6(4) and (5). Having found that Defendant was convicted of a reportable offense, the trial court further found that the offenses involved sexual, physical, and mental abuse of a minor.

At this point, the trial court made no findings that Defendant had been convicted of an aggravated offense as required by N.C.G.S. § 14-208.40A(b). In determining whether to proceed pursuant to subsection (c) or subsection (d) of § 14-208.40A, a trial court must make the determinations required by parts (b)(i) through (b)(iv). For example, to reach the risk-assessment stage under subsection (d), a trial court must first determine that an "offender committed an offense that involved the physical, mental, or sexual abuse of a minor," as well as both of the following: "that [the] offense is not an aggravated offense, and the offender is not a recidivist[.]" N.C.G.S. § 14-208.40A(d). In the case before us, the trial court failed to make these determinative findings.

Instead, the trial court ordered a risk assessment to be completed that afternoon, if possible.[2] The trial court further stated: "Given the fact of his confession, which I was unaware of, and given the fact of what he's pleading guilty to, I'd be inclined to still find it's an aggravated offense when you combine the two together. However, I still want to see the risk assessment in any event[.]" Clearly, the trial court withheld its finding pursuant to subsection (b) until after a risk assessment pursuant to subsection (d) was performed, demonstrat-

---

2. We note that the trial court did not allow the DOC the statutorily-mandated period of thirty to sixty days for the DOC to perform its risk assessment. However, Defendant did not argue this point in his brief.

ing the trial court's intent to make a determination under subsection (b) based on information obtained in the risk assessment. This procedure employed by the trial court is not provided for in N.C.G.S. § 14-208.40A.

The framework set forth in N.C.G.S. § 14-208.40A requires a trial court to hear evidence presented by the State and any possible contrary evidence by a defendant before making its determination under subsection (b). The statute does not provide that the trial court consider the result of a risk assessment in conjunction with the State's evidence at this point in the proceeding. The trial court erred by failing to follow the statutory framework provided by N.C.G.S. § 14-208.40A when it failed to properly make determinations pursuant to subsection (b). By failing to properly make these determinations, the court prematurely ordered the risk assessment and improperly considered sentencing pursuant to subsections (c) and (d) simultaneously. Therefore, we vacate the trial court's order and remand for proceedings in accordance with N.C.G.S. § 14-208.40A.

### An "Aggravated Offense"

[2] Defendant further argues that the trial court's "finding of fact" that Defendant was convicted of "an aggravated offense" was incorrect as a matter of law. Where a trial court makes a conclusion of law but erroneously labels it a finding of fact, the conclusion is nonetheless reviewed *de novo*. *See Eakes v. Eakes*, —— N.C. App. ——, ——, 669 S.E.2d 891, 897 (2008). Defendant entered an *Alford* plea to attempted first-degree sex offense and taking indecent liberties with a child. We hold that neither of these offenses is "an aggravated offense" within the meaning of N.C. Gen. Stat. § 14-208.6(1a).

As discussed above, "[w]hen the language of a statute is clear and without ambiguity, it is the duty of [our Courts] to give effect to the plain meaning of the statute, and judicial construction of legislative intent is not required." *Abshire*, 363 N.C. at 329-30, 677 S.E.2d at 450 (quoting *Diaz*, 360 N.C. at 387, 628 S.E.2d at 3). Because we find the statutes at issue in this case to be clear and unambiguous, we apply their plain meaning.

N.C. Gen. Stat. § 14-208.6(1a) defines an "aggravated offense" as

any criminal offense that includes either of the following: (i) engaging in a sexual act involving vaginal, anal, or oral penetration with a victim of any age through the use of force or the threat of serious violence; or (ii) engaging in a sexual act involving vagi-

nal, anal, or oral penetration with a victim who is less than 12 years old.

N.C. Gen. Stat. § 14-208.6(1a)(2007).

Reviewing the plain language of the statute, it is clear that an "aggravated offense" is an offense including: first, a sexual act involving vaginal, anal or oral penetration; and second, either (1) that the victim is less than twelve years old or (2) the use of force or the threat of serious violence against a victim of any age. Defendant and the State agree that, while a completed first-degree sexual offense would be an aggravated offense, an attempted first-degree sexual offense is not an aggravated offense. *See State v. Coble*, 351 N.C. 448, 449, 527 S.E.2d 45, 46 (2000) (noting that a conviction for attempt involves the intent to commit the substantive offense, an act done in an effort to commit that offense, but which ultimately falls short of the completed offense). Because Defendant was convicted of a crime that fell short of a completed sexual act with BM, he was not convicted of "any criminal offense that include[d] . . . engaging in a sexual act[,]" with respect to the charge of attempted sex offense. N.C.G.S. § 14-208.6(1a). Thus, we limit our review to the charge of indecent liberties.

N.C. Gen. Stat. § 14-202.1(a) states:

A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:

(1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or

(2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

N.C. Gen. Stat. § 14-202.1(a) (2007).

Our Courts have likewise enumerated the elements of indecent liberties with a child as follows:

(1) the defendant was at least 16 years of age; (2) he was five years older than his victim; (3) he willfully took or attempted to take an indecent liberty with the victim; (4) the victim was under

16 years of age at the time the alleged act or attempted act occurred; and (5) the action by the defendant was for the purpose of arousing or gratifying sexual desire.

*State v. Martin*, —— N.C. App. ——, ——, 671 S.E.2d 53, 59 (2009). *See also State v. Rhodes*, 321 N.C. 102, 104-05, 361 S.E.2d 578, 580 (1987).

Comparing the statutory definition of "aggravated offense" to the elements of indecent liberties, we find significant differences between the two. A conviction of indecent liberties requires none of the three factors required by the definition of an "aggravated offense." First, the crime of indecent liberties does not require that the defendant commit "a sexual act involving vaginal, anal or oral penetration." Second, the crime of indecent liberties does not require that the victim be less than twelve years of age. Third, the crime of indecent liberties does not require in the alternative that the offense be committed through the use of force or the threat of serious violence. Instead, the conduct required to sustain a conviction of indecent liberties includes the taking of "immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire[,]" or "any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years." N.C. Gen. Stat. § 14-202.1(a).

The State argues that, should we limit the trial court's examination to the elements of the offense, we would render only four crimes "aggravated offenses" for the purpose of this statute. We are aware of this limitation, but we are bound by principles of statutory interpretation and we must not enter the realm of the General Assembly to extend the scope of the statute.

The trial court's conclusion that Defendant committed an "aggravated offense" was based in part upon Defendant's colloquy at trial. The trial court's reliance on Defendant's statements is evident in the trial court's statement at sentencing:

Given the fact of his confession, which I was unaware of, and given the fact of what he's pleading guilty to, I'd be inclined to still find it's an aggravated offense when you combine the two together.

. . .

Notwithstanding what the assessment is—and I appreciate the assessment being completed—obviously I didn't know all the

facts of the case until I heard from both parties. Given the fact that it's undisputed about at least the defendant's confession as to what he—it's no longer allegedly did to the victim in the case. I understand there are different reasonings possibly, but coupled with what he did, his overt acts to the child, with his pleas, I'm going to find it to be an aggravated offense and I will order monitoring and registration for a lifetime.

For reasons discussed below, the trial court's consideration of Defendant's recitation of the underlying facts giving rise to his convictions was error.

N.C. Gen. Stat. §§ 14-208.40 through 14-208.45 govern "Sex Offender Monitoring" and these statutes are designed to monitor, *inter alia*:

Any offender who is *convicted* of a reportable *conviction* as defined by G.S. 14-208.6(4) and who is required to register under Part 3 of Article 27A of Chapter 14 of the General Statutes because the defendant is classified as a sexually violent predator, is a recidivist, or was *convicted of an aggravated offense* as those terms are defined in G.S. 14-208.6.

N.C.G.S. § 14-208.40(a)(1) (emphasis added). Likewise, N.C.G.S. § 14-208.40A(a) requires the trial court to hear evidence that "the *conviction offense* was an aggravated offense." N.C.G.S. § 14-208.40A(a) (emphasis added). N.C.G.S. § 14-208.40A(b) requires the trial court to make a determination regarding "whether the offender's *conviction* places the offender in one of the categories described in G.S. 14-208.40(a)[.]" N.C.G.S. § 14-208.40A(b) (emphasis added).

We find the language of the statutes at issue is clear. The General Assembly's repeated use of the term "conviction" compels us to conclude that, when making a determination pursuant to N.C.G.S. § 14-208.40A, the trial court is only to consider the elements of the offense of which a defendant was convicted and is not to consider the underlying factual scenario giving rise to the conviction. In the case before us, the trial court erred when making its determinations by considering Defendant's plea colloquy in addition to the mere fact of his conviction.

Because the trial court failed to follow the required sentencing procedure, we vacate its order requiring Defendant to enroll in an SBM program for life and remand for a determination of Defend-

ant's SBM eligibility pursuant to the procedure set forth in N.C.G.S. § 14-208.40A, as discussed herein.

Vacated and remanded.

Judges STEELMAN and JACKSON concur.