NO. COA13-589

NORTH CAROLINA COURT OF APPEALS

Filed: 7 January 2014

STATE OF NORTH CAROLINA

    v.                            Catawba County
                                    No. 01 CRS 1284

JAMES KEVIN MOIR


Appeal by defendant from order entered 18 February 2013 by Judge Richard D. Boner in Catawba County Superior Court. Heard in the Court of Appeals 21 October 2013.

> *Attorney General Roy Cooper, by Associate Attorney General J. Rick Brown, for the State.*
>
> *Crowe & Davis, P.A., by H. Kent Crowe, for defendant-appellant.*


STEELMAN, Judge.


Where defendant was convicted of an offense qualifying him as a Tier I sex offender under the Adam Walsh Act, he was eligible for termination from registration in 10 years. The trial court erred in concluding that defendant was not a Tier I offender.

## I. Factual and Procedural Background

On 9 January 2001, James Kevin Moir (defendant) was indicted for first-degree statutory sexual offense and indecent liberties with a child. On 5 September 2001, defendant pled guilty to two

counts of indecent liberties with a child in exchange for the dismissal of the first-degree sexual offense charges. On 28 November 2001, defendant was sentenced to 16-20 months imprisonment. This sentence was suspended and defendant was placed on supervised probation for 60 months, and ordered to pay court costs. Defendant was further required to register as a sex offender. Defendant did so on 15 March 2002. On 25 June 2007, defendant's probation was terminated by the court.

On 22 May 2012, defendant filed a Petition for Termination of Sex Offender Registration in the Superior Court of Catawba County. On 18 February 2013, the trial court denied defendant's petition.

Defendant appeals.

## II. Request for Relief

In his sole argument on appeal, defendant contends that the trial court erred as a matter of law in ruling that the relief sought by defendant failed to comply with the federal Jacob Wetterling Act and the federal Adam Walsh Act. We agree.

## A. Standard of Review

"Resolution of issues involving statutory construction is ultimately a question of law for the courts. [W]here an appeal presents [a] question[] of statutory interpretation, full review is appropriate, and we review a trial court's conclusions of law

*de novo.*"  *State v. Davison*, 201 N.C. App. 354, 357, 689 S.E.2d 510, 513 (2009) (citations and quotations omitted), *disc. review denied*, 364 N.C. 599, 703 S.E.2d 738 (2010).

## B. Analysis

N.C. Gen. Stat. § 14-208.12A provides that:

> (a)  Ten years from the date of initial county registration, a person required to register under this Part may petition the superior court to terminate the 30-year registration requirement if the person has not been convicted of a subsequent offense requiring registration under this Article.
>
> ...
>
> (a1) The court may grant the relief if:
>
> (1)  The petitioner demonstrates to the court that he or she has not been arrested for any crime that would require registration under this Article since completing the sentence,
>
> (2)  The requested relief complies with the provisions of the federal Jacob Wetterling Act, as amended, and any other federal standards applicable to the termination of a registration requirement or required to be met as a condition for the receipt of federal funds by the State, and
>
> (3)  The court is otherwise satisfied that the petitioner is not a current or potential threat to public safety.

N.C. Gen. Stat. § 14-208.12A (2011).  In the instant case, the trial court found that defendant had been subject to registration for at least 10 years, had not been subsequently arrested for or

convicted of any offenses that would require registration, and had a low risk of re-offending. However, the trial court then found that:

> 11. Touching of the genital area of a minor with the intent to gratify sexual desire is considered "sexual contact" under the provisions of 18 U.S.C. § 2246(3), and sexual contact is classified as "abusive sexual contact" under 18 U.S.C. § 2244.
>
> 12. Abusive sexual contact is considered to be a Tier II offense under the provisions of 42 U.S.C. § 16911(3)(A)(iv).
>
> 13. The registration for Tier II offenses under the provisions of the Jacob Wetterling Act, 42 U.S.C. § 14071, and the provisions of the Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. § 16911, *et seq.*, is 25 years. This registration period cannot be reduced.
>
> 14. The defendant has not been registered as a sex offender for at least 25 years.

Based upon these findings, the trial court concluded that the termination of defendant's sex offender registration would not comply with the Jacob Wetterling Act, or its amended form, the Adam Walsh Act. The trial court therefore denied defendant's motion.

The federal statute in question, the Adam Walsh Act, provides the following definitions:

> (2) Tier I sex offender

The term "tier I sex offender" means a sex offender other than a tier II or tier III sex offender.

(3)    Tier II sex offender

The term "tier II sex offender" means a sex offender other than a tier III sex offender whose offense is punishable by imprisonment for more than 1 year and—

(A)    is comparable to or more severe than the following offenses, when committed against a minor, or an attempt or conspiracy to commit such an offense against a minor:

(i)    sex trafficking (as described in section 1591 of Title 18);

(ii)   coercion and enticement (as described in section 2422(b) of Title 18);

(iii)  transportation with intent to engage in criminal sexual activity (as described in section 2423(a)) of Title 18;

(iv)   abusive sexual contact (as described in section 2244 of Title 18);

(B)    involves—

(i)    use of a minor in a sexual performance;

(ii)   solicitation of a minor to practice prostitution; or

(iii)  production or distribution of child pornography; or

(C)    occurs after the offender becomes a tier I sex offender.

42 U.S.C. § 16911 (2006). We note that this act defines offender status by the offense charged, not by the facts underlying the case. Specifically, we read language such as "whose offense is punishable by imprisonment for more than 1 year[,]" as well as the lists of elements of the offense, as an indication that Tier status as a sex offender is based upon the elements of the offense, not upon the evidence presented as to the facts underlying it. In the instant case, however, the trial court based its ruling upon the facts underlying the plea, not upon the pled offense of indecent liberties.

The trial court's interpretation of federal statute was in error. In the instant case, defendant pled guilty to indecent liberties with a child. In *In re Hamilton*, ___ N.C. App. ___, 725 S.E.2d 393 (2012), we held that a conviction of indecent liberties with a child results in Tier I sex offender status. Pursuant to the Adam Walsh Act, a person convicted of indecent liberties would be subject to 15 years of registration, which may be terminated in ten years as provided in N.C. Gen. Stat. § 14-208.12A. *Id.* at ___, 725 S.E.2d at 399. Similarly, in *In re McClain*, ___ N.C. App. ___, 741 S.E.2d 893 (2013), the parties stipulated, and we held, that a defendant who pled guilty to indecent liberties with

a child was a Tier I sex offender. *McClain* at \_\_\_, 741 S.E.2d at 896.

We find *Hamilton* and *McClain* determinative of the instant case. Defendant pled guilty to indecent liberties, and was therefore a Tier I sex offender. We hold that the relief he sought complied with the Adam Walsh Act. However, we noted in *Hamilton*:

> the ultimate decision of whether to terminate a sex offender's registration requirement still lies in the trial court's discretion. *See* N.C. Gen. Stat. § 14-208.12A(a1) (providing that a trial court "may" grant a petitioner relief if terms of the statute are met). Thus, after making findings of fact supported by competent evidence on each issue raised in the petition, the trial court is then free to employ its discretion in reaching its conclusion of law whether Petitioner is entitled to the relief he requests.

*Hamilton* at \_\_\_, 725 S.E.2d at 399.

Upon remand, the trial court is instructed to re-evaluate its findings in accordance with this opinion. It may then, in its discretion, grant or deny defendant's petition.

VACATED AND REMANDED.

Chief Judge MARTIN and Judge DILLON concur.