An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-366

Filed 3 September 2025

Nash County, No. 21 CRS 52926

STATE OF NORTH CAROLINA

      v.

CAMERON BURGESS, Defendant.

Appeal by Defendant from judgment entered 24 January 2023 and order entered 22 February 2023 by Judge L. Lamont Wiggins in Nash County Superior Court. Heard in the Court of Appeals 25 September 2024.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Joseph Finarelli, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Brandon Mayes, for defendant-appellant.*

STADING, Judge.

Cameron Burgess ("Defendant") appeals from final judgment ordering him to register as a sex offender for the remainder of his natural life upon release from prison. Defendant does not appeal his prison sentence of 48 to 118 months in the Department of Adult Correction. Defendant also petitions this Court for writ of certiorari to review an order requiring him to submit to satellite-based monitoring ("SBM"). We deny his petition for writ of certiorari ("PWC") since it lacks merit.

Bound by the law, we vacate only that portion of the trial court's registration order that orders lifetime registration and remand to the trial court for entry of an order of registration for a period of at least thirty years.

## I.  Background

Upon Defendant's guilty plea to one count of felony first-degree sexual exploitation of a minor, the trial court sentenced Defendant to prison and ordered him to register as a sex offender for the remainder of his natural life upon release from imprisonment.

Based on the information presented at the sentencing hearing, the trial court found: (1) Defendant was convicted of a sexually violent offense; (2) Defendant is not a recidivist; (3) Defendant is not a re-offender; (4) Defendant has not been classified as a sexually violent predator; (5) this is not designated as an aggravated offense; (6) this did involve the physical, mental, or sexual abuse of a minor; (7) Defendant presents or may present a danger to minors under the age of eighteen; and (8) the victim was fifteen-years-old at the time Defendant committed the offense.  The trial court then ordered lifetime registration on the sex offender's list.  The court also ordered Defendant to complete a STATIC-99, "and that thereafter—and to the extent possible—that th[e] matter will be set for the [21 February 2023] session of Nash County criminal superior court for further findings as to the need for SBM upon the Defendant's release from [prison]."

On 30 January 2023, Defendant filed a letter with the trial court styled as a

motion for appropriate relief. Defendant later submitted an additional letter styled as a notice of appeal on 16 February 2023. On 21 February 2023 and at the motion hearing, the trial court submitted Defendant's letter as a "written notice of appeal" and denied his motion for appropriate relief without prejudice.

The trial court then conducted a SBM hearing the next day on 22 February 2022. At the hearing, the State submitted a completed STATIC-99 form for Defendant, which yielded a score of two. The trial court noted this score placed Defendant in the "average range." After hearing arguments from both sides, the trial court ordered: "Defendant shall be subject to SBM for a period of 30 months upon his release from the North Carolina Division of Adult Corrections, based on the Static-99 putting him at an average risk, as well as the fact that this occurred in a school environment." Defendant did not submit a timely notice of appeal following the trial court's SBM order; however, he petitioned our Court for certiorari on 29 May 2024.

## II. Jurisdiction

Defendant asserts the trial court committed error by ordering him to register as a sex offender for the remainder of his natural life and by ordering him to submit to SBM. This Court has jurisdiction to consider Defendant's appeal concerning his lifetime enrollment on the sex offender list under N.C. Gen. Stat. § 7A-27(b) (2023). We must also address this Court's jurisdiction for Defendant's SBM argument raised by his PWC.

"Our Court has interpreted SBM hearings and proceedings as civil, as opposed

to criminal, actions, for purposes of appeal. Therefore, a defendant must give notice of appeal pursuant to N.C. R. App. P. 3(a), from an SBM proceeding." *State v. Springle*, 244 N.C. App. 760, 763, 781 S.E.2d 518, 520 (2016) (citation omitted). "In order to confer jurisdiction on the state's appellate courts, appellants of lower court orders must comply with the requirements of Rule 3 of the North Carolina Rules of Appellate Procedure." *Bailey v. N.C. Dep't of Revenue*, 353 N.C. 142, 156, 540 S.E.2d 313, 322 (2000). "The provisions of Rule 3 are jurisdictional, and failure to follow the rule's prerequisites mandates dismissal of an appeal. In addition, the rules of the Supreme Court that regulate appeals, such as Rule 3, are mandatory and must be observed." *Putman v. Alexander*, 194 N.C. App. 578, 582, 670 S.E.2d 610, 614 (2009) (citation omitted). Rule 3(c) provides that "a party must file and serve a notice of appeal" within the requisite time period. N.C. R. App. P. 3(c). "Nevertheless, this Court may issue a writ of certiorari 'when the right to prosecute an appeal has been lost by failure to take timely action.'" *Putman*, 194 N.C. App. at 583, 670 S.E.2d at 614 (quoting N.C. R. App. P. 21(a)(1)).

"Our precedent establishes a two-factor test to assess whether certiorari review by an appellate court is appropriate. First, a writ of certiorari should issue only if the petitioner can show merit or that error was probably committed below." *Cryan v. Nat'l Council of YMCA of the United States*, 384 N.C. 569, 572, 887 S.E.2d 848, 851 (2023) (citation and quotation marks omitted). "Second, a writ of certiorari should issue only if there are 'extraordinary circumstances' to justify it." *Id.* (citation

- 4 -

omitted). "There is no fixed list of extraordinary circumstances that warrant certiorari review, but this factor generally requires a showing of substantial harm, considerable waste of judicial resources, or wide-reaching issues of justice and liberty at stake." *Id.* at 573, 887 S.E.2d at 851 (citation and quotation marks omitted). "[T]he decision to issue a writ of certiorari rests in the sound discretion of the presiding court." *Id.*

Here, Defendant filed his notice of appeal with the trial court on 16 February 2023, which was subsequently entered on 21 February 2023. However, the SBM order was not entered until 22 February 2023. As Defendant concedes, the trial court's SBM order was thus entered after Defendant's written notice of appeal was submitted. Consequently, on 29 May 2024, Defendant petitioned our Court for certiorari because his written notice of appeal only addressed the trial court's judgment ordering he register for life on the sex offender list.

In his PWC, Defendant argues that his intent to appeal the SBM is demonstrated by the record. "[A] defect in a notice of appeal should not result in loss of the appeal as long as the intent to appeal . . . can be fairly inferred from the notice and the appellee is not misled by the mistake." *Springle*, 244 N.C. App. at 763, 781 S.E.2d at 521 (citation omitted) (second alteration in original). For example, this Court has exercised its discretion to review a PWC where "it [was] readily apparent that defendant ha[d] lost his appeal through no fault of his own, but rather as a result of sloppy drafting of counsel . . . ." *State v. Hammonds*, 218 N.C. App. 158, 163, 720

S.E.2d 820, 823 (2012).

Defendant's appeal only concerned the lifetime registration order and had he intended to appeal the SBM order, he should have done so within the time allotted by Rule 3 after the trial court entered its order on 22 February 2023. *See* N.C. R. App. P. 3. Defendant further argues that his notice was defective solely because his trial counsel failed to do so in a timely manner. Yet, on 21 February 2023, after submitting his letter styled as an appeal, the trial court entered Defendant's written notice of appeal on his behalf. Moreover, Defendant failed to make any efforts thereafter to submit an appeal for the SBM order—indicating a lack of intent. *Cf. Hammonds*, 218 N.C. App. at 163, 720 S.E.2d at 823.

Defendant argues we should grant his PWC because "there are meritorious issues to present on appeal to this Court." He contends that the trial court erred by ordering him to any SBM because it was not supported by the State's evidence. Specifically, Defendant contends that "[t]he State did not present any additional evidence at the separate SBM hearing that the offense of conviction occurred in a school environment."

Our SBM statute provides: "[w]hen an offender is convicted of a reportable conviction as defined by G.S. 14-208.6(4)," the State shall put on evidence, if available, that the "offense involved the physical, mental, or sexual abuse of a minor." N.C. Gen. Stat. § 14-208.40A(a)(5) (2023). Following the submission of this evidence, the court then "shall make a finding of fact of that determination." *Id.* § 14-208.40A(b).

Once the STATIC-99 risk assessment is complete, "the court shall determine whether, based on the Department's risk assessment and all relevant evidence, the offender requires the highest possible level of supervision and monitoring." *Id.* § 14-208.40A(e).

Here, first-degree sexual exploitation of a minor constitutes a reportable offense because it is "[a] final conviction for an offense against a minor . . . ." *Id.* § 14-208.6(4)(a). Since it is a reportable offense and the State put on evidence demonstrating that "the offense involved the physical, mental, or sexual abuse of a minor," the trial court rightfully ordered Defendant to submit to a STATIC-99 assessment. *Id.* § 14-208.40A(a)(5), (d)(1)–(5). That said, a "risk assessment of 'moderate,' *without more,* is insufficient to support the finding that a defendant requires the highest possible level of supervision and monitoring." *State v. Green,* 211 N.C. App. 599, 601, 710 S.E.2d 292, 294 (2011) (citation omitted). When faced with a STATIC-99 score of moderate, "a trial court's determination that the defendant requires the highest possible level of supervision may be adequately supported where the trial court makes 'additional findings' regarding the need for the highest possible level of supervision and where there is competent record evidence to support those additional findings." *Green,* 211 N.C. App. at 601, 710 S.E.2d at 294 (citation omitted). "[T]he trial court may properly consider evidence of the factual context of a defendant's conviction[s] when making additional findings [for] a defendant convicted of an offense involving the physical, mental, or sexual abuse of a minor." *Id.*

at 603, 710 S.E.2d at 295.

Contrary to Defendant's urging, the trial court entered "additional findings" to support its SBM order upon considering the factual context in which the offense occurred. *See id.* at 601, 710 S.E.2d at 294. At sentencing, the State demonstrated that Defendant worked as an employee at a school; solicited sexual acts from a fifteen-year-old minor student on school grounds; and solicited sexual videos from the minor student using his work cell phone. Defendant "admit[ted] to everything that went on when he was brought into law enforcement." *See State v. Wiles*, 270 N.C. App. 592, 597, 841 S.E.2d 321, 325 (2020) (citation omitted) ("Competent evidence is defined as 'evidence that a reasonable mind might accept as adequate to support the finding.'"). We therefore dismiss Defendant's PWC as lacking merit.

## III. Analysis

Having resolved the jurisdictional question of Defendant's PWC, we must now consider Defendant's argument, and concession by the State,[1] that the trial court's ordering Defendant to register as a sex offender for the remainder of his natural life violates our General Statutes.

"A trial court's statutory interpretation in sex offender registration cases is a

---

[1] The State concedes: "Here, the trial court expressly found that Defendant did **not** satisfy any of the predicate requirements for lifetime registration, as it found Defendant was not a recidivist, had not committed an aggravated offense, and had not been classified as a sexually violent predator. . . . Moreover, the record would not support any such findings. . . . Accordingly the trial court erred in ordering that Defendant register on the sex offender registry for the remainder of his natural life."

question of law we review de novo." *State v. Mack*, 277 N.C. App. 505, 516, 860 S.E.2d 271, 279 (2021); s*ee also State v. Johnson*, 253 N.C. App. 337, 345, 801 S.E.2d 123, 128 (2017) (second bracket in original) (citation omitted) ("Defendant allege[d] a violation of a statutory mandate, and '[a]lleged statutory errors are questions of law . . . reviewed *de novo*.'"). "When the language of a statute is clear and without ambiguity, it is the duty of this Court to give effect to the plain meaning of the statute, and judicial construction of legislative intent is not required." *State v. Abshire*, 363 N.C. 322, 329–30, 677 S.E.2d 444, 450 (2009) (citation omitted). In addition, "[w]e review conclusions of law *de novo*." *State v. Scott*, 287 N.C. App. 600, 603, 883 S.E.2d 505, 509 (2023). "'Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008) (citation omitted).

Defendant contends, and the State concedes, that the trial court erred by ordering him to register as a sex offender for the remainder of his natural life because the record does not support it, the trial court "did not make the required findings to support lifetime registration," and the trial court misapplied the provisions of N.C. Gen. Stat. §§ 14-208.6A and 14-208.23 (2023). Specifically, Defendant maintains, and the State agrees, because "the trial court did not find that he was a recidivist, a reoffender, or a sexually violent predator, or that the offense was an aggravated offense[,]" ordering him to lifetime registration amounted to a statutory error under N.C. Gen. Stat. § 14-208.23.

Our State's sex offender registration statute provides, "[i]t is the objective of the General Assembly to establish a 30-year registration requirement for persons convicted of certain offenses against minors or sexually violent offenses. . . ." *Id.* § 14-208.6A. The statute establishes "a more stringent set of registration requirements for recidivists, persons who commit aggravated offenses, and for a subclass of highly dangerous sex offenders who are determined by a sentencing court with the assistance of a board of experts to be sexually violent predators." *Id.* "A person who is a recidivist, who is convicted of an aggravated offense, or who is classified as a sexually violent predator shall maintain registration for the person's life." *Id.* § 14-208.23.

Here, the trial court made the following findings on the record:

> [The] Court will now make the judicial findings and order for sexual offenders active punishment. [The] Court finds 1b, that this is a sexually violent offensive -- sexually violent offense. [The] Court finds 2b, that the Defendant is not a recidivist; 3b, that the Defendant is not a re-offender; 4b, that the Defendant has not been classified as a sexually violent predator; 5b, that this is not designated as an aggravated offense; 6a, that this did involve the physical, mental or sexual abuse of a minor.

The trial court entered a written order with these same findings.[2] Based on those

---

[2] When completing its "Judicial Findings and Order for Sex Offenders," AOC-CR-615 form, under the heading "Findings," the trial court found the defendant is neither a recidivist, reoffender, nor sexually violent predator, and the conviction was not an aggravated offense. Under the form's heading "Order – Registration and SBM Assessment," part 1 entitled "Registration," ordering lifetime registration is permitted if the court makes any of the findings listed above, but thirty-year registration is permitted if none of the above findings exist. *See* N.C. Gen. Stat. ch. 14, art. 27A (2023).

findings, the trial court ordered Defendant to register as a sex offender for the remainder of his natural life pursuant to section 14-208.23.

Consistent with the trial court's findings, the record does not demonstrate that Defendant could not be classified as a recidivist or reoffender. *See id.* § 14-208.6(2b), (3e) (providing definitions of recidivist and reoffender). Neither does the record show that Defendant had been classified as a sexually violent predator. *See id.* 14-208.6(6) (A "sexually violent predator" is "[a] person who has been convicted of a sexually violent offense and who suffers from a mental abnormality or personality disorder that makes the person likely to engage in sexually violent offenses directed at strangers or at a person with whom a relationship has been established or promoted for the primary purpose of victimization."). Nor does the record show that Defendant suffered from any sort of mental abnormality or personality disorder, thereby disqualifying him from such a classification. *See id.* § 14-208.6(6).

Last, we must also consider whether the offense to which Defendant pleaded guilty is an "aggravated offense," statutorily defined as "[a]ny criminal offense that includes either: (i) engaging in a sexual act involving vaginal, anal, or oral penetration with a victim of any age through the use of force or the threat of serious violence; or (ii) engaging in a sexual act involving vaginal, anal, or oral penetration with a victim who is less than 12 years old." *See* N.C. Gen. Stat. §§ 14-190.16, 14-208.6(1a); *State v. Boyett*, 224 N.C. App. 102, 116, 735 S.E.2d 371, 380 (2012). This Court previously determined that an offense is aggravated if "the elements of the

conviction offense . . . 'fit within' the statutory definition of 'aggravated offense.'" *Boyett*, 224 N.C. App. at 116, 735 S.E.2d at 380 (quoting *State v. Singleton*, 201 N.C. App. 620, 630, 689 S.E.2d 562, 569 (2010)). "[T]he trial court is only to consider the elements of the offense of which a defendant was convicted and is not to consider the underlying factual scenario giving rise to the conviction." *Boyett*, 224 N.C. App. at 116, 735 S.E.2d at 380 (2012) (quoting *State v. Davison*, 201 N.C. App. 354, 364, 689 S.E.2d 510, 517 (2009)). Although the underlying facts of the other crimes of which Defendant was charged, but not convicted, may have qualified as aggravated offenses, we are bound to "only to consider the elements of the offense of which a defendant was convicted." *Id.* A very careful review of relevant statutory authority and binding precedent shows that the offense to which Defendant pleaded guilty did not qualify as an aggravated offense. *See* N.C. Gen. Stat. §§ 14-190.16, 14-208.6, 14-208.23; *see also Boyett*, 224 N.C. App. 102, 735 S.E.2d 371.

Notwithstanding the foregoing, the record is exceedingly clear that the trial court's findings from the sentencing hearing correctly determined that Defendant was convicted of "a sexually violent offense" and a "reportable conviction." *See id.* § 14-208.6(5) (first-degree sexual exploitation of a minor constitutes a "sexually violent offense."); *see also id.* § 14-208.6(4)(a) (first-degree sexual exploitation of a minor constitutes a reportable offense since it is "[a] final conviction for an offense against a minor . . . ."). Pursuant to our sex offender registration statute, "persons convicted of certain offenses against minors or sexually violent offenses" are eligible for

registration for a period of at least thirty years under section 14-208.7.

Consistent with the relevant law and record evidence, we vacate only that portion of the trial court's registration order that orders lifetime registration and remand to the trial court for entry of an order that Defendant maintain registration "for a period of at least thirty years following the date of initial county registration." *Id.* § 14-208.7(a). The trial court shall remedy the affected portion of its "Judicial Findings and Order for Sex Offenders," AOC-CR-615 form, and make entry in the box appearing under the heading "Order – Registration and SBM Assessment" part 1. b. "pursuant to G.S. Chapter 14, Article 27A, Part 2, for a period of 30 years."

## IV. Conclusion

After careful review, we dismiss Defendant's PWC. As statutorily required, we vacate only that portion of the trial court's registration order that orders lifetime registration and remand to the trial court for entry of registration "for a period of at least thirty years following the date of initial county registration." *Id.* § 14-208.7(a).


DISMISSED IN PART; VACATED IN PART AND REMANDED.

Judge CARPENTER concurs.

Judge ARROWOOD concurs in sections I, III, and IV and concurs in result only in section II.

Report per Rule 30(e).