STATE OF NORTH CAROLINA, v. ROBERT LEE WOOTEN

No. COA08-734

(Filed 16 December 2008)

**1. Indecent Liberties— eligibility for satellite-based monitoring—subject matter jurisdiction**

The trial court had subject matter jurisdiction in a taking indecent liberties with a minor case to determine whether defendant was eligible for satellite-based monitoring (SBM) under N.C.G.S. § 14-208.40B even though defendant contends he had not yet achieved the status required for enrollment because: (1) a literal reading of the statute would prevent a court from making the SBM determination until the offender is released from prison, locates a residence, and registers their address with the local sheriff's department under the sex offender registry; (2) where a literal interpretation of the language of a statute will lead to absurd results, or contravene the manifest purpose of the Legislature, as otherwise expressed, the reason and purpose of the law shall control and the strict letter thereof shall be disregarded; (3) defendant is a person who fits the criteria the Legislature intended for participation in the SBM program since he completed his sentence for a Class F felony and was eligible for release but not eligible for post-release supervision after the effective date of the legislation; and (4) the statute sought to encompass multiple categories of offenders at different stages in the judicial process, and the notice provisions in N.C.G.S. § 14-208.40B are merely to protect the due process rights of offenders who are not currently incarcerated.

**2. Sentencing— prior convictions—reportable offense—re- cidivist status—sexually violent offense**

The trial court did not err in a taking indecent liberties with a minor case by relying on defendant's 1989 conviction to deter- mine his status as a recidivist in establishing his eligibility for satellite-based monitoring because: (1) contrary to defendant's assertion, a prior conviction is not required to be a reportable offense to be considered by the trial court when making the recidivism determination; (2) defendant did not challenge that his 2006 conviction was a reportable conviction as defined by N.C.G.S. § 14-208.6(4); (3) a reportable offense under N.C.G.S. § 14-208.6(4)(a) includes a sexually violent offense such as the offense of taking indecent liberties with a child under N.C.G.S. § 14-202.1; and (4) the prior conviction must be for an offense that is described in the statute defining reportable offenses, and the offense on which defendant's recidivism determination was made was described in N.C.G.S. § 14-208.5 even though it was not re- portable since it predated the act.

**3. Constitutional Law— effective assistance of counsel— alleged failure to present legally sound argument—viola- tion of *ex post facto* guarantees**

Defendant did not receive ineffective assistance of counsel in a taking indecent liberties with a minor case based on his trial counsel's alleged failure to present a legally sound argument that the satellite-based monitoring (SBM) program violated the *ex post facto* guarantees of the United States and North Carolina Constitutions because: (1) trial counsel did argue that the stat- ute violated the *ex post facto* guarantees of the United States and North Carolina Constitutions regarding the trial court's recidivism determination, and the trial court understood the argu- ment was directed at the statute as applied to defendant and not limited to his 1989 conviction; (2) while trial counsel may have inartfully presented his constitutional arguments, trial counsel's performance did not rise to the level of deficiency particularly when trial counsel presented essentially the same arguments as those presented on appeal; and (3) defendant failed to show a dif- ferent result would have been reached absent trial counsel's alleged error.

Appeal by defendant from an order entered 24 January 2008 by Judge Jay D. Hockenbury in Greene County Superior Court. Heard in the Court of Appeals 30 October 2008.

*Attorney General Roy Cooper, by Assistant Attorney General Joseph Finarelli, for the State.*

*Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Barbara S. Blackman, for defendant-appellant.*

CALABRIA, Judge.

Robert Lee Wooten ("defendant") appeals the Honorable Jay D. Hockenbury's order enrolling defendant in satellite-based monitoring ("SBM") for his natural life pursuant to N.C. Gen. Stat. § 14-208.40B. We affirm the trial court's order.

On 23 October 2006 defendant entered a no contest plea to the offense of taking indecent liberties with a minor in violation of N.C. Gen. Stat. § 14-202.1 in connection with an incident that occurred 31 October 2001. Pursuant to the plea agreement, the State dismissed three counts of engaging in first-degree statutory sex offense and one count of committing a lewd and lascivious act. Defendant was sentenced to a minimum term of 20 months to a maximum term of 24 months to be served in the North Carolina Department of Correction.

On 24 January 2008, four days prior to defendant's expected release from prison, a hearing was held pursuant to N.C. Gen. Stat. § 14-208.40B to determine his eligibility for SBM. The parties stipulated at the hearing that defendant had been convicted on 25 April 1989 for taking indecent liberties with a minor. Based on this prior conviction, defendant was classified as a "recidivist" as defined by N.C. Gen. Stat. § 14-208.6(2b). Because defendant was a recidivist and because his 2006 conviction for taking indecent liberties with a minor constituted a "sexually violent offense" as defined in N.C. Gen. Stat. § 14-208.6(5) the court determined the defendant was subject to SBM for the duration of his life following his release from custody. Defendant appeals.

I. Jurisdiction

[1] Defendant argues the trial court lacked subject matter jurisdiction to determine whether he was eligible for SBM because defendant had not yet achieved the status required for enrollment. While defendant concedes that he was given proper notice of his hearing, was represented by counsel, and had an opportunity to present evidence and question witnesses, he argues the failure to follow the statutory notice provisions is a jurisdictional flaw that requires vacating the trial court's order. We disagree.

Jurisdiction is "[t]he legal power and authority of a court to make a decision that binds the parties to any matter properly brought before it." Black's Law Dictionary 869 (8th ed. 2004). The court must have subject matter jurisdiction, or "[j]urisdiction over the nature of the case and the type of relief sought," in order to decide a case. *Id.* at 870. "A universal principle as old as the law is that the proceedings of a court without jurisdiction of the subject matter are a nullity." *Burgess v. Gibbs*, 262 N.C. 462, 465, 137 S.E.2d 806, 808 (1964).

The General Assembly "within constitutional limitations, can fix and circumscribe the jurisdiction of the courts of this State." *Bullington v. Angel*, 220 N.C. 18, 20, 16 S.E.2d 411, 412 (1941). "Where jurisdiction is statutory and the Legislature requires the Court to exercise its jurisdiction in a certain manner, to follow a certain procedure, or otherwise subjects the Court to certain limitations, an act of the Court beyond these limits is in excess of its jurisdiction." *Eudy v. Eudy*, 288 N.C. 71, 75, 215 S.E.2d 782, 785 (1975), overruled on other grounds by *Quick v. Quick*, 305 N.C. 446, 290 S.E.2d 653 (1982).

Defendant's eligibility hearing for SBM was held pursuant to N.C. Gen. Stat. § 14-208.40B(b) which reads:

If the Department determines that the offender falls into one of the categories described in G.S. 14-208.40(a), the Department shall schedule a hearing in the court of the county in which the offender resides. The Department shall notify the offender of the Department's determination and the date of the scheduled hearing by certified mail sent to the address provided by the offender pursuant to G.S. 14-208.7. The hearing shall be scheduled no sooner than 15 days from the date the notification is mailed. Receipt of notification shall be presumed to be the date indicated by the certified mail receipt.

N.C. Gen. Stat. § 14-208.40B(b) (2007). A literal reading of the statute could prevent a court from making the SBM determination until the offender is released from prison, locates a residence, and registers their address with the local sheriff's department pursuant to the sex offender registry. "[W]here a literal interpretation of the language of a statute will lead to absurd results, or contravene the manifest purpose of the Legislature, as otherwise expressed, the reason and purpose of the law shall control and the strict letter thereof shall be disregarded." *Mazda Motors v. Southwestern Motors*, 296 N.C. 357, 361, 250 S.E.2d 250, 253 (1979).

The Legislature intended the SBM program apply to

> any person sentenced to intermediate punishment on or after [the effective date] and to any person released from prison by parole or post-release supervision on or after that date. This section also applies to any person who completes his or her sentence on or after the effective date of this section who is not on post-release supervision or parole.

An Act to Protect North Carolina's Children/Sex Offender Law Changes, ch. 247, sec. 15(1), 2006 N.C. Sess. Laws 1074, 1079.

The legislation became effective 16 August 2006. Defendant completed his sentence for a Class F felony and was eligible for release, but not eligible for post-release supervision after the effective date of the legislation. Therefore, defendant is a person who fits the criteria the legislature intended for participation in the SBM program.

The statute seeks to encompass multiple categories of offenders at different stages in the judicial process, the notice provisions found in N.C. Gen. Stat. § 14-208.40B(b) are merely that, notice provisions to protect the due process rights of offenders who are not currently incarcerated. Defendant's interpretation would create a situation where the court would lack subject matter jurisdiction over an entire class of offenders to whom the legislature intended the statute applied. Therefore, defendant's interpretation is rejected. The trial court properly exercised jurisdiction in the present case.

## II. Reportable Conviction

[2] Defendant argues that the court's reliance on his 1989 conviction to determine his status as a recidivist was error. Defendant argues that the statute requires the prior conviction that determines recidivism must be a reportable conviction as defined in N.C. Gen. Stat. § 14-208.6(4). Defendant bases his argument on the enrollment requirement since only those offenders convicted of indecent liberties after 1 January 1996 are required to enroll in the sex offender registry, and therefore defendant's 1989 conviction is not reportable. We disagree with defendant's argument that a prior conviction must be reportable to be considered by the trial court when making the recidivism determination.

SBM is applicable to

> [a]ny offender who is convicted of a reportable conviction as defined by G.S. 14-208.6(4) and who is required to register under

Part 3 of Article 27A of Chapter 14 of the General Statutes because the defendant is classified as a sexually violent predator, is a recidivist, or was convicted of an aggravated offense as those terms are defined in G.S. 14-208.6.

N.C. Gen. Stat. § 14-208.40(a)(1) (2007). The defendant does not challenge that his 2006 conviction was a reportable conviction as defined by N.C. Gen. Stat. § 14-208.6(4). Nevertheless, defendant argues that he cannot be considered a recidivist under the statute. Recidivist is defined as "a person who has a prior conviction for an offense that *is described in* G.S. 14-208.6(4)." N.C. Gen. Stat. § 14-208.6(2b) (2007) (emphasis added). A reportable offense is defined as

A final conviction for an offense against a minor, a sexually violent offense, or an attempt to commit any of those offenses unless the conviction is for aiding and abetting. A final conviction for aiding and abetting is a reportable conviction only if the court sentencing the individual finds that the registration of that individual under this Article furthers the purposes of this Article as stated in G.S. 14-208.5.

N.C. Gen. Stat. § 14-208.6(4)(a) (2007). A sexually violent offense includes the offense of taking indecent liberties with a child as described in N.C. Gen. Stat. § 14-202.1. Contrary to defendant's assertion, there is nothing in the statutory language that requires the prior conviction in a recidivism determination must be for a reportable offense. The code is clear that the prior conviction must be for an offense that *is described in* the statute defining reportable offenses. The interpretation offered by defendant would give no effect to the words "is described in" found in the statute. The court determined the defendant was a recidivist because the offense on which defendant's recidivism determination was made is clearly one described in N.C. Gen. Stat. § 14-208.5, even though it is not reportable because it predates the act. "We are bound by well-accepted rules of statutory construction to give effect to this plain and unambiguous meaning and we therefore decline any attempt to ascertain a contrary legislative intent." *State v. Oglesby*, 361 N.C. 550, 556, 648 S.E.2d 819, 822 (2007).

### III. Ineffective Assistance of Counsel

**[3]** Defendant argues that he received ineffective assistance of counsel because trial counsel failed to present a legally sound argument that the SBM program violated the *ex post facto* guarantees of the United States and North Carolina Constitutions. We disagree.

Trial counsel did argue before the trial court that the statute violated the *ex post facto* guarantees of the United States and North Carolina Constitutions regarding the trial court's recidivism determination. Defendant contends that the argument presented was not legally sound, and therefore rendered counsel's assistance ineffective.

In asserting what the defendant contends is the proper *ex post facto* argument regarding the SBM scheme, defendant argues that the monitoring equipment is a modern day scarlet letter, intended to shame the offender. He also argues that offenders subject to SBM are restricted in where they may go and work. He further argues that the lifetime duration shows the punitive purpose of the SBM statute. Defendant's trial counsel forwarded these same arguments at defendant's hearing.

Defendant contends that trial counsel only presented these arguments regarding defendant's 1989 conviction. However, if the enhanced penalty existed at the time of the commission of the crime to which the penalty will attach, it does not offend the *ex post facto* guarantees if the enhancement is based on crimes committed prior to the enactment. *Gryger v. Burke*, 334 U.S. 728, 732, 92 L. Ed. 1683, 1687 (1948). While the issue being contested at the time trial counsel made his various *ex post facto* arguments was defendant's recidivism status, trial counsel's arguments wavered between defendant's 1989 conviction and his 2006 conviction. The trial court understood trial counsel's argument regarding *ex post facto* was directed at the statute as applied to defendant and not limited to defendant's 1989 conviction. Specifically, the trial court held

> [t]hat counsel for Defendant, contends that the statute requiring the Defendant to be enrolled in a lifetime satellite based monitoring program as well as lifetime registration is unconstitutional in violation of the following provisions of both the North Carolina and United States Constitutions:
>
> . . .
>
> e. that the statute's implementation is ex post facto as applied to this Defendant."

Defendant does not challenge this finding of fact and it is binding on appeal. The trial court then concluded "the Defendant's arguments to dismiss the State's motion based on the language of the statute and the constitutionality of the statute are without merit . . . ." Defendant does not challenge the court's conclusion of law.

**STATE v. WOOTEN**

[194 N.C. App. 524 (2008)]

Defendant must show two things to prevail on an ineffective assistance of counsel claim. First, defendant must show that his counsel's performance was "deficient," such that the errors committed were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693 (1984). Second, defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* Prejudice is established by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 80 L. Ed. 2d at 698. "Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687, 80 L. Ed. 2d at 693.

Defendant cannot prove either element of an ineffective assistance of counsel claim. While trial counsel may have been a bit disorganized, and may have inartfully presented his constitutional arguments, trial counsel's performance did not rise to the level of deficient as it is explained in *Strickland*, particularly when counsel at trial presented essentially the same arguments as presented here. Further, based on the trial judge's findings and holding, it is clear that even if defendant's trial counsel had presented the exact *ex post facto* argument to the trial court, that he now presents to us, the trial court would have reached the same result. Without a showing that absent trial counsel's errors a different result would have been reached, defendant did not receive ineffective assistance of counsel.

While defendant asserts in his brief that the SBM statute violates the *ex post facto* guarantees of the United States and North Carolina Constitutions, he does not assign as error the trial court's holding denying that argument and therefore it is not properly before this court and we cannot address it.

Affirmed.

Judges TYSON and STROUD concur.