**STATE v. ARRINGTON**

[226 N.C. App. 311 (2013)]

NEW TRIAL.

Judges ROBERT C. HUNTER and STROUD concur.

———————————

STATE OF NORTH CAROLINA
v.
TYRON JAUREL ARRINGTON, Defendant

No. COA12-1333

Filed 2 April 2013

1. **Satellite—Based Monitoring—reportable defense—child abduction—not parent of minor—sufficiency of evidence**

    The evidence supported the 2012 finding of a trial court imposing satellite-based monitoring (SBM) for a 2009 child abduction conviction that defendant had been convicted of a reportable offense. Defendant contended that the conviction for abduction required the 2012 court to find that he was not the parent of the minor, but the 2009 trial judge had made that determination at the sentencing hearing and the 2012 SBM trial court had before it the judgments and sentencing forms from defendant's 2009 convictions.

2. **Satellite—Based Monitoring—recidivist—sufficiency of evidence—stipulation sufficient**

    There was sufficient evidence that a defendant convicted of abduction of a child and required to submit to lifetime satellite-based monitoring (SBM) was a recidivist in defendant's prior record worksheet and counsel's stipulation to a conviction for indecent liberties. A stipulation to prior convictions has been held sufficient for determining prior record level in felony sentencing and is also sufficient for purposes of SBM, which is a civil regulatory proceeding.

Appeal by defendant from Order entered on or about 22 March 2012 by Judge Quentin T. Sumner in Superior Court, Nash County. Heard in the Court of Appeals 14 March 2013.

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Joseph Finarelli, for the State.*

*Gerding Blass, PLLC, by Danielle Blass, for defendant-appellant.*

STROUD, Judge.

Tyron Arrington ("defendant") appeals from an order entered on or about 22 March 2012 requiring him to enroll in satellite-based monitoring (SBM) for the remainder of his natural life. Defendant was convicted on 29 May 2009 of four counts of abduction of a child. On 28 January 2012, the Department of Correction (DOC) notified defendant that it would seek an SBM hearing after it determined that he was a recidivist based upon a 2005 conviction for indecent liberties with a child. The trial court found him to be a recidivist and ordered him to enroll in SBM for the remainder of his life. Defendant argues that the trial court's findings of fact were unsupported by the evidence. Specifically, he contends that there was insufficient evidence to support a finding that he had been convicted of a reportable offense, and insufficient evidence that he was a recidivist under N.C. Gen. Stat. § 14-208.40 (2011) because the State failed to present evidence of his prior "reportable" conviction.

"The standard of review for the trial court's findings of fact is well-established: The trial court's findings of fact are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting." *State v. Kilby*, 198 N.C. App. 363, 366, 679 S.E.2d 430, 432 (2009) (citation and quotation marks omitted).

The trial court held an extremely brief hearing, totaling about five transcript pages. The following exchange was the entirety of the discussion on defendant's convictions:

> [Prosecutor]: Mr. Arrington was convicted of four counts of abduction of children an offense that's arrestable [sic], May 29th of 2009. The State will contend that he is a recidivist and that he had a prior convention [sic] with a child January 5th, 2005.

> THE COURT: Yes, sir.

> [Defense Attorney]: Judge, we do not deny his convictions that Mr. Arrington has. If the Court will indulge me for a moment. Judge, I had continued this matter from Monday with the attitude that the statutes would apply in this situation.

> THE COURT: Yes, sir.

> [Defense Attorney]: Myself and [the prosecutor] have talked and I have talked with my client. The first offense

was January 5th, 2005, of course, before the statute was enacted in August of 2006. It became effective in January of 2007. Judge, I explained to my client what the statutory requirements were based on this GPS Satellite Base Monitoring Statute. I just want to bring something to the Court's attention, Judge. The Court will correct me if I am wrong he is quote the statute by DOC as being a recidivist unquote.

THE COURT: Yes, sir.

[DEFENSE ATTORNEY: Because of these 2009 conviction from a '06 offense and a 2005 conviction from a 2004 offense. . . .

The remainder of the hearing focused on trial counsel's *ex post facto* arguments, which are not raised on appeal.

[1] Defendant first argues that the trial court's finding that he was convicted of a reportable offense was unsupported by the evidence. Defendant contends that because his 2009 conviction for abduction of children falls under the "offense against a minor" portion of the reportable conviction definition, the trial court was required to find that he was not the parent of the minor abducted and that such a finding was not supported by the evidence.

The SBM hearing provisions in N.C. Gen. Stat. § 14-208.40B apply "[w]hen an offender is convicted of a reportable conviction as defined by G.S. 14-208.6(4)" and there has not been a prior SBM determination made by a court. N.C. Gen. Stat. § 14-208.40B(a) (2011). N.C. Gen. Stat. § 14-208.6(4) defines a reportable conviction in relevant part as "[a] final conviction for an offense against a minor, a sexually violent offense, or an attempt to commit any of those offenses unless the conviction is for aiding and abetting." N.C. Gen. Stat. § 14-208.6 (4)(a) (2011).

Defendant was convicted of four counts of abduction of children in 2009. The State contends that these convictions were reportable convictions that made defendant eligible for SBM. Abduction of children, N.C. Gen. Stat. § 14-41 (2005), is specifically included in the definition of an "offense against a minor." N.C. Gen. Stat. § 14-208.6(1m) (2011). That statute defines an "offense against a minor" as "any of the following offenses *if* the offense is committed against a minor, *and the person committing the offense is not the minor's parent*: . . . G.S. 14-41 (abduction of children)." *Id.* (emphasis added).

A defendant commits the offense of abduction of children when he "without legal justification or defense, abducts or induces any minor child who is at least four years younger than the person to leave any person, agency, or institution lawfully entitled to the child's custody, placement, or care." N.C. Gen. Stat. § 14-41. Thus, the statutory definition of "offense against a minor" for purposes of SBM requires proof of a fact in addition to the bare fact of conviction–that the defendant is not the minor's parent.

In the context of deciding whether a conviction was an "aggravated offense" for SBM purposes, we have held that "the trial court is only to consider the elements of the offense of which a defendant was convicted and is not to consider the underlying factual scenario giving rise to the conviction." *State v. Davison*, 201 N.C. App. 354, 364, 689 S.E.2d 510, 517 (2009), *disc. rev. denied*, 364 N.C. 599, 703 S.E.2d 738 (2010). Davison and the cases following it specifically addressed whether a particular conviction could constitute an aggravated offense. *See, e.g.*, *State v. Phillips*, 203 N.C. App. 326, 328-29, 691 S.E.2d 104, 106, *disc. rev. denied*, 364 N.C. 439, 702 S.E.2d 794 (2010), *State v. Singleton*, 201 N.C. App. 620, 630, 689 S.E.2d 562, 567-68, *disc. rev. dismissed as improvidently allowed*, 364 N.C. 418, 700 S.E.2d 226 (2010). They did not address what the trial court may consider in determining whether a conviction qualifies as a reportable "offense against a minor."

The plain language in the definition of "aggravated offense" requires that courts consider the elements of the conviction as it covers

> any criminal offense that includes either of the following: (i) engaging in a sexual act involving vaginal, anal, or oral penetration with a victim of any age through the use of force or the threat of serious violence; or (ii) engaging in a sexual act involving vaginal, anal, or oral penetration with a victim who is less than 12 years old.

N.C. Gen. Stat. § 14-208.6(1a) (2011). The definition of "offenses against a minor," by contrast, lists certain, particular offenses, and then adds the requirements that the victim be a minor and that the defendant not be a parent of the victim. *See* N.C. Gen. Stat. § 14-208.6(1m).

Further, in concluding that trial courts are restricted to considering the elements of the offense in determining whether a given conviction was an "aggravated offense" we noted a concern that defendants would be forced to re-litigate the underlying facts of their case even if they pleaded guilty to a lesser offense. *See Singleton*, 201 N.C. App. at 630, 689

S.E.2d at 568. This concern is absent in the context of defining "offenses against a minor." Trial courts in this context do not need to inquire into whether defendant's conduct could have constituted a greater offense, despite a plea to the lesser. They only need decide whether the victim was a minor and whether defendant was a parent of the minor child, facts that will normally be readily ascertainable.

Because the statute explicitly requires that the State show that defendant was not the parent of the minor victim in addition to the fact that defendant was convicted of one of the listed offenses, the statute effectively "mandates that the trial court must look beyond the offense of conviction." *State v. Green*, ___ N.C. App. ___, ___, 710 S.E.2d 292, 295 (2011). Therefore, we hold that in deciding whether a conviction counts as a reportable conviction under the "offense against a minor" provision, the trial court is *not* restricted to simply considering the elements of the offense for which the defendant was convicted to the extent that the trial court may make a determination as to whether or not the defendant was a parent of the abducted child.

Here, although the State did not present any independent evidence at the SBM hearing that defendant was not the parent of the child he abducted, the trial court had previously made this determination at the sentencing hearing. Specifically, the SBM trial court had before it the judgments and sentencing forms from defendant's 2009 convictions. At the 2009 sentencing hearing, the trial court found that defendant's 2009 convictions were reportable offenses. As part of the suspended sentence it imposed on defendant, the trial court also imposed special conditions only applicable to reportable offenses under N.C. Gen. Stat. § 15A-1343(b2) (2009) and ordered that DOC evaluate defendant for SBM. In doing so, it specifically found that "defendant has been convicted of an offense which is a reportable conviction as defined in G.S. 14-208.6(4)[.]" Additionally, on its judgment form for sex offender suspended sentences, AOC form CR-615, the trial court specifically found that defendant had been convicted of "an offense against a minor under G.S. 14-208.6(1i), or an attempt, solicitation, or conspiracy to commit such offense, and defendant is not the parent of the victim."[1]

Defendant does not challenge any of these prior findings, nor did he appeal from the judgments. All of these findings were before the trial court at the SBM hearing. We hold that these prior findings support the trial court's finding at the SBM hearing that defendant's conviction for

---

1. Under the 2007 version of the statute, the definition of offense against a minor was found in N.C. Gen. Stat. § 14-208.6(1i), rather than (1m).

abduction of children was a reportable conviction as an offense against a minor.

[2] As to defendant's recidivism argument, he fails to note that the prior record level worksheet for his 2009 conviction and the Department of Correction notice were submitted to the trial court. Both the prior record worksheet and the notice listed defendant's 2005 offense as indecent liberties with a child. There was no evidence of other convictions that year. The State noted the convictions upon which it was relying, and defendant's counsel stated, "Judge, we do not deny his convictions . . . ." The prior record worksheet and the stipulation by counsel to defendant's prior convictions support a finding that defendant had been convicted of indecent liberties with a child in 2005, even though it appears that the State did not introduce the judgment or record of conviction from that case, or a copy of defendant's criminal history. *See State v. Powell*, 254 N.C. 231, 234, 118 S.E.2d 617, 619 (1961) ("No proof of stipulated or admitted facts, or of matters necessarily implied thereby, is necessary, the stipulations being substituted for proof and dispensing with evidence. While a stipulation need not follow any particular form, its terms must be definite and certain in order to afford a proper basis for judicial decision, and it is essential that they be assented to by the parties or those representing them. Silence, under some circumstances, may be deemed assent. These principles apply in both civil and criminal cases." (citations, quotation marks, and ellipses omitted)), *superseded on other grounds by statute, as recognized in State v. Denning*, 316 N.C. 523, 342 S.E.2d 855 (1986).

A stipulation to prior convictions has been held as sufficient for purposes of determining prior record level in felony sentencing, which is a criminal proceeding; we believe that if this proof is sufficient for sentencing purposes, it is also sufficient for purposes of SBM, which is a civil regulatory proceeding. *State v. Powell*, ___ N.C. App. ___, ___, 732 S.E.2d 491, 494 (2012) ("[T]he existence of a prior conviction may be established by, *inter alia*, '[s]tipulation of the parties.' N.C. Gen. Stat. § 15A–1340.14(f)(1).").[2]

We have previously held that a prior conviction for indecent liberties, even one from prior to the enactment of the reporting statute,

2. Although it is not specifically required by the SBM statute, the State could easily use one of the forms of evidence of the criminal record as noted by N.C. Gen. Stat. § 15A-1340.14 (f), which governs felony record level determinations. N.C. Gen. Stat. § 15A-1340.14 (f) (2011) ("The original or a copy of the court records or a copy of the records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts, bearing the same name as that by which the

supports a finding that the defendant is a recidivist for purposes of the SBM statute. *See, e.g., State v. Wooten*, 194 N.C. App. 524, 529, 669 S.E.2d 749, 752 (2008), *disc. rev. denied*, 363 N.C. 138, 676 S.E.2d 308 (2009). A recidivist is "a person who has a prior conviction for an offense that is described in G.S. 14-208.6(4)." N.C. Gen. Stat. § 14-208.6(2b) (2011). N.C. Gen. Stat. § 14-208.6(4) describes a variety of offense classes, including "sexually violent offense[s]." "A sexually violent offense includes the offense of taking indecent liberties with a child as described in N.C. Gen. Stat. § 14-202.1." *Wooten*, 194 N.C. App. at 529, 669 S.E.2d at 752. Therefore, a prior conviction for indecent liberties with a child supports a finding of recidivism under the SBM statute and defendant's arguments to the contrary are unavailing.

Because the evidence at the SBM hearing, including defendant's admissions and the judgments from his 2009 convictions, supports the trial court's findings, both as to the reportability of defendant's 2009 offense and as to recidivism, we affirm the SBM order.

AFFIRMED.

Judges ELMORE and STEELMAN concur.

offender is charged, is prima facie evidence that the offender named is the same person as the offender before the court, and that the facts set out in the record are true. For purposes of this subsection, 'a copy' includes a paper writing containing a reproduction of a record maintained electronically on a computer or other data processing equipment, and a document produced by a facsimile machine. The prosecutor shall make all feasible efforts to obtain and present to the court the offender's full record. Evidence presented by either party at trial may be utilized to prove prior convictions.").