BRYANT, Judge.
 

 *761
 
 Where the State fails to demonstrate the substantial similarity of defendant's out-of-state convictions to North Carolina crimes and where the trial court fails to determine, either orally or in writing, that the out-of-state convictions are substantially similar to North Carolina offenses for purposes of enrollment in satellite-based monitoring, we remand for resentencing.
 

 On 7 October 2013, true bills of indictment were issued against Robert Hughes Springle, defendant, for two counts of felonious indecent exposure by an offender over the age of eighteen with a victim under the age of sixteen in violation of N.C. Gen.Stat. § 14-190.9(a1) (2013),
 
 amended by
 

 2015 N.C. Sess. Laws 2015
 
 -250. On 4 September 2014, defendant pled guilty to both offenses in exchange for an active term of imprisonment of eight to ten months, with credit for time served in Case No. 11 CRS 55435, and a suspended sentence with supervised probation in Case No. 13 CRS 54303. The Honorable Benjamin Alford, Judge presiding, found a factual basis existed and accepted the plea. Judge Alford subsequently completed a Judgment and Commitment form for each offense consistent with the plea agreement defendant entered into with the State.
 

 During the 4 September 2014 hearing, Judge Alford noted on the record that defendant was "a recidivist" and, therefore, subject to satellite-based monitoring for the remainder of his natural life. The court, however, failed to note those findings on the corresponding AOC-CR615 form, Judicial Findings and Order for Sex Offenders-Suspended Sentence.
 
 [1]
 

 *520
 

 *762
 
 On 10 November 2014, the Honorable Jack W. Jenkins presided over a "bring-back hearing" to resolve the question about defendant's enrollment in the satellite-based monitoring program. At the hearing, the State alleged, "[a]t 11 CRS 55435, Your Honor, I think under the [s]tatute, he is a recidivist. The State would maintain that he is, and that requires a lifetime on monitoring." The transcript does not reflect that any evidence was handed up to the court at that time to support this allegation. However, the sentencing worksheet reflects prior convictions for felony sex offense against a child and three separate prior convictions of indecent exposure. The court inquired, "But it doesn't seem to be a dispute that he is a recidivist and, therefore, it's lifetime?" Defense counsel indicated that there was no dispute. A written order was entered requiring defendant to register as a sex offender for life and to enroll in satellite-based monitoring for the remainder of his natural life.
 

 On 9 February 2015, a hearing was held for the purpose of terminating defendant's probation, Judge Alford presiding. At the hearing, defendant's trial counsel informed the court of the following: (1) defendant wished to appeal the 10 November 2014 satellite-based monitoring enrollment order; (2) trial counsel had prepared a simple Notice of Appeal for defendant; and (3) while defendant signed the document, his trial counsel filed it with the Clerk of Court. However, that Notice of Appeal did not contain a certificate of service reflecting that it had been served on the State.
 

 Defendant's counsel further stated that he had informed defendant there were no grounds upon which to appeal and that counsel personally considered the appeal to be "groundless," but asked Judge Alford to "look at it and see if you want to appoint counsel" for the appeal. Judge Alford appointed the Appellate Defender and ordered a transcript of the prior hearings. Defendant noted an appeal of the 10 November 2014 order on lifetime-SBM.
 

 Petition for Writ of Certiorari
 

 Rule 21(a)(1) of our Appellate Procedures provides, "[t]he writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action...." N.C. R. App. 21(a)(1) (2015);
 
 see
 

 State v. Hammonds,
 

 218 N.C.App. 158
 
 , 162,
 
 720 S.E.2d 820
 
 , 823 (2012) (allowing the defendant's petition for writ of certiorari when "it [was] readily apparent that [the] defendant ha[d] lost his appeal through no fault of his own").
 

 *763
 
 On 1 June 2015, defendant filed a petition for writ of certiorari and alleged a violation of N.C. R.App. P. 4 related to the defective service of his notice of appeal. On 11 June 2015, the State filed a response to defendant's petition for writ of certiorari, also noting that notices of appeal of SBM orders are governed by Rule 3 of the North Carolina Rules of Appellate Procedure, as they are civil in nature. The State requested that this Court deny defendant's petition. On 12 June 2015, defendant filed a reply to the State's response. For the reasons that follow, we grant defendant's petition for writ of certiorari.
 

 Our Court has interpreted SBM hearings and proceedings as civil, as opposed to criminal, actions, for purposes of appeal. Therefore, "a defendant must give notice of appeal pursuant to N.C. R.App. P. 3(a)," from an SBM proceeding.
 
 State v. Brooks,
 

 204 N.C.App. 193
 
 , 194-95,
 
 693 S.E.2d 204
 
 , 206 (2010) (citing N.C. R.App. P. 3(a) ). "A party must comply with the requirements of Rule 3 to confer jurisdiction on an appellate court."
 
 In re Moore,
 

 234 N.C.App. 37
 
 , 36,
 
 758 S.E.2d 33
 
 , 36 (2014) (citing
 
 Bailey v. State,
 

 353 N.C. 142
 
 , 156,
 
 540 S.E.2d 313
 
 , 322 (2000) ). "Thus, failure to comply with Rule 3 is a jurisdictional default that prevents this Court 'from acting in any manner other than to dismiss the appeal.' "
 

 Id.
 

 (quoting
 
 Dogwood Dev. & Mgmt. Co. v. White Oak
 

 *521
 

 Transp. Co.,
 

 362 N.C. 191
 
 , 197,
 
 657 S.E.2d 361
 
 , 365 (2008) ).
 

 However, a defect in a notice of appeal "should not result in loss of the appeal as long as the intent to appeal ... can be fairly inferred from the notice and the appellee is not misled by the mistake."
 
 Phelps Staffing, LLC v. S.C. Phelps, Inc.,
 

 217 N.C.App. 403
 
 , 410,
 
 720 S.E.2d 785
 
 , 791 (2011) (quoting
 
 Smith v. Indep. Life Ins. Co.,
 

 43 N.C.App. 269
 
 , 274,
 
 258 S.E.2d 864
 
 , 867 (1979) ) (internal quotation marks omitted);
 
 see also
 

 In re M.B.,
 
 --- N.C.App. ----, ----,
 
 771 S.E.2d 615
 
 , 623 (2015) (noting that "this Court's prior holdings make clear that a notice of appeal is not defective if 'intent to appeal can be fairly inferred' " (quoting
 
 Phelps,
 

 217 N.C.App. at 410
 
 , 720 S.E.2d at 791 ));
 
 State v. Williams,
 
 --- N.C.App. ----, ----,
 
 761 S.E.2d 662
 
 , 664 (2014) (declining to dismiss the defendant's appeal on the basis of a defect in the notice of appeal because defendant's appeal could be fairly inferred and the State provided no indication that it was misled by the defendant's mistake).
 

 Here, the State concedes that it has "suffered no prejudice" as a result of defendant's defective notice of appeal, which we interpret to mean that the State was not misled by the defective notice. Therefore, as defendant's notice of appeal was defective "through no fault of his own,"
 
 see
 

 Hammonds,
 

 218 N.C.App. at 162
 
 , 720 S.E.2d at 823, and the State
 
 *764
 
 was not misled as a result thereof, we grant certiorari to permit review of the lifetime-SBM order entered against defendant.
 

 _________________________
 

 On appeal, defendant argues (I) that the trial court's finding that he was a recidivist was not supported by competent evidence and, therefore, cannot support the conclusion that defendant must submit to lifetime sex-offender registration and satellite-based monitoring, and (II) that defendant did not receive effective assistance of counsel.
 

 I
 

 Defendant first argues that the trial court's conclusion that he was a recidivist was not supported by competent evidence and, therefore, cannot support the conclusion that he must submit to lifetime sex-offender registration and satellite-based monitoring. Specifically, defendant contends that the conclusion that he was a recidivist was not supported by findings made by the trial court as to which prior conviction qualified defendant as a recidivist and, further, that a stipulation to a prior record level worksheet reflecting out-of-state convictions cannot constitute a legal conclusion that a particular out-of-state conviction is "substantially similar" to a particular North Carolina felony or misdemeanor.
 
 [2]
 
 We agree.
 

 *765
 
 On appeal from an order imposing satellite-based monitoring, this Court reviews "the trial court's findings of fact to determine whether they are supported by competent record evidence, and we review the trial court's conclusions of law for legal accuracy and to ensure that those conclusions reflect a
 
 *522
 
 correct application of law to the facts found."
 
 State v. Kilby,
 

 198 N.C.App. 363
 
 , 367,
 
 679 S.E.2d 430
 
 , 432 (2009) (quoting
 
 State v. Garcia,
 

 358 N.C. 382
 
 , 391,
 
 597 S.E.2d 724
 
 , 733 (2004) ) (internal quotation marks omitted).
 

 For purposes of requiring satellite-based monitoring, the State has the burden of presenting any evidence to the court that the offender is a recidivist. N.C. Gen.Stat. § 14-208.40A(a) (2015). After receiving the evidence, the court "shall determine" if the offender is a recidivist "and, if so, shall make a finding of fact of that determination...." N.C.G.S. § 14-208.40A(b). A recidivist is defined as "a person who has a prior conviction for an offense that is described in G.S. 14-208.6(4)." N.C. Gen.Stat. § 14-208.6(2b) (2015). Under N.C. Gen.Stat. § 14-208.6(4), a prior, reportable conviction includes
 

 [a] final conviction in another state of an offense, which if committed in this State, is
 
 substantially similar
 
 to an offense against a minor or a sexually violent offense as defined by this section, or a final conviction in another state of an offense that requires registration under the sex offender registration statutes of that state.
 

 N.C.G.S. § 14-208.6(4)(b) (emphasis added);
 
 see
 
 N.C. Gen.Stat. § 15A-1340.14(e) (2014) (stating that the State must prove substantial similarity by a preponderance of the evidence). If the court finds that the offender is a recidivist, the court must order that he be enrolled in satellite-based monitoring for life. N.C. Gen.Stat. § 14-208.40A(c).
 

 "This Court has repeatedly held a defendant's stipulation to the substantial similarity of offenses from another jurisdiction is ineffective because the issue of whether an offense from another jurisdiction is substantially similar to a North Carolina offense is a question of law."
 
 State v. Burgess,
 

 216 N.C.App. 54
 
 , 59,
 
 715 S.E.2d 867
 
 , 871 (2011) (citations omitted). "[S]tipulations as to questions of law are generally held invalid and ineffective, and not binding upon the courts, either trial or appellate."
 
 State v. Wright,
 

 210 N.C.App. 52
 
 , 71,
 
 708 S.E.2d 112
 
 , 125 (2011) (quoting
 
 State v. Moore,
 

 188 N.C.App. 416
 
 , 426,
 
 656 S.E.2d 287
 
 , 293 (2008) ). Accordingly, when the State fails to demonstrate the substantial similarity of a defendant's out-of-state convictions to North Carolina crimes and when the trial court fails to determine whether out-of-state
 
 *766
 
 convictions are substantially similar to North Carolina offenses, this Court will remand the case for resentencing.
 
 Id.
 
 at 72-73,
 
 708 S.E.2d at 126-27
 
 .
 

 In
 
 Wright,
 
 the defendant was convicted of "robbery 3rd degree" under a Connecticut statute, and had a conviction for attempted murder under a New York statute.
 
 Id.
 
 at 71-72,
 
 708 S.E.2d at 126
 
 . However, remand was necessary where the State did not provide copies of either applicable state statute, and failed to provide a comparison of their respective statutory provisions to similar North Carolina statutes.
 
 Id.
 
 at 71-73,
 
 708 S.E.2d at
 
 125-26 ;
 
 cf.
 

 State v. Rich,
 

 130 N.C.App. 113
 
 , 117,
 
 502 S.E.2d 49
 
 , 52 (1998) (holding that copies of New Jersey and New York statutes along with a comparison of their provisions to the criminal laws of North Carolina were sufficient to prove by a preponderance of the evidence that the defendant's convictions in those states were substantially similar to North Carolina crimes).
 

 Judge Alford's oral order determining that defendant was a recidivist and ordering lifetime SBM was never reduced to writing and made part of the proper record.
 
 See
 

 Griffith v. N.C. Dep't of Corr.,
 

 210 N.C.App. 544
 
 , 549,
 
 709 S.E.2d 412
 
 , 416-17 (2011) (finding that "[w]hen a [trial court's] oral order is not reduced to writing, it is non-existent and thus cannot support an appeal" (alteration in original) (citation and internal quotation marks omitted)). Judge Jenkins also found that defendant was a recidivist, but made no specific findings as to which of defendant's prior convictions qualified him to be a recidivist. This failure to make appropriate findings compromises our review of the conclusion reached by the trial court.
 

 The North Carolina Supreme Court has stated that the requirement of making findings of fact is not a "mere formality" or an "empty ritual."
 
 Coble v. Coble,
 

 300 N.C. 708
 
 , 712,
 
 268 S.E.2d 185
 
 , 189 (1980). Rather, the trial court must make findings of fact that are both "detailed" and "specific."
 

 Id.
 

 "Evidence must support findings; findings must
 
 *523
 
 support conclusions; conclusions must support the judgment. Each step of the progression must be taken by the trial judge, in logical sequence; each link in the chain of reasoning must appear in the order itself."
 
 Id.
 
 at 714,
 
 268 S.E.2d at 190
 
 .
 

 Here, there was evidence in the record from which the trial court could have possibly determined that defendant was a recidivist for purposes of enrollment in the satellite-based monitoring program. The prior out-of-state convictions to which defendant stipulated were sex offenses that might easily have shown defendant to be a recidivist: defendant's
 
 *767
 
 prior record level worksheet reflects three prior convictions for indecent exposure in South Carolina and two prior sex offense convictions in Florida.
 

 Support for a conclusion of SBM required a determination by the trial court that defendant's prior, out-of-state convictions were reportable convictions based on G.S. § 14-208.6(b). However, no findings were made, either orally or in writing, as to which of defendant's prior convictions constituted a reportable conviction and qualified him as a recidivist.
 
 [3]
 

 See
 
 id.
 

 ("Where there is a gap, it cannot be determined on appeal whether the trial court correctly exercised its function to find the facts and apply the law thereto."). As stated above, defendant's stipulation to his prior record level worksheet is "ineffective because the issue of whether an offense from another jurisdiction is substantially similar to a North Carolina offense is a question of law."
 
 Burgess,
 

 216 N.C.App. at 59
 
 ,
 
 715 S.E.2d at 871
 
 (citations omitted).
 

 Further, the State offered no statutes from either South Carolina or Florida to prove by a preponderance of the evidence that any of the prior out-of-state convictions of defendant's were substantially similar to a North Carolina sexual offense.
 
 See
 
 N.C.G.S. § 15A-1340.14(e) ;
 
 Wright,
 

 210 N.C.App. at 71-72
 
 ,
 
 708 S.E.2d at 126
 
 . There is nothing in the transcript of the hearing or in the written order to indicate the trial court found any of defendant's out-of-state convictions substantially similar to a North Carolina offense; thus, there was no competent evidence to support the trial court's finding that defendant was a recidivist.
 

 Accordingly, because "the State failed to demonstrate the substantial similarity of [d]efendant's out-of-state convictions to North Carolina crimes and since the trial court failed to determine [that] the out-of-state convictions were substantially similar to North Carolina offenses, we must remand for resentencing."
 
 Wright,
 
 210 N.C.App. at 72,
 
 708 S.E.2d at 126
 
 .
 

 *768
 
 As to defendant's ineffective assistance of counsel claim, we agree with the State's assertion that our Court has rejected the argument that an ineffective assistance of counsel claim can be asserted in SBM appeals.
 
 See
 

 State v. Wagoner,
 

 199 N.C.App. 321
 
 , 332,
 
 683 S.E.2d 391
 
 , 400 (2009) ( "[A] claim for ineffective assistance of counsel is available only in criminal matters, and we have already concluded that SBM is not a criminal punishment." (citations omitted));
 
 see also
 

 State v. Clark,
 

 211 N.C.App. 60
 
 , 77,
 
 714 S.E.2d 754
 
 , 765 (2011) ("[S]ince an SBM proceeding is not criminal in nature, defendants required to enroll in SBM are not entitled to challenge the effectiveness of the representation that they received from their trial counsel based on the right to counsel provisions of the federal and state constitutions.");
 
 State v. Miller,
 

 209 N.C.App. 466
 
 , 469,
 
 706 S.E.2d 260
 
 , 262 (2011) (noting that "IAC claims are not available in civil appeals such as that from an SBM eligibility hearing"). Accordingly, we dismiss this argument.
 

 *524
 
 REVERSED AND REMANDED IN PART AND DISMISSED IN PART.
 

 Judges CALABRIA and ZACHARY concur.
 

 [1]
 

 Judge Alford checked the box on form AOC-CR-803C titled "Special Conditions For Reportable Convictions-G.S. 15A-1343(b2)," which notes that defendant must "[r]egister as a sex offender and enroll in satellite-based monitoring if required on the attached AOC-CR-615, Side Two." However, Judge Alford did not complete the corresponding form AOC-CR-615, rather Judge Jenkins did. Judge Jenkins made the finding that defendant is a recidivist and ordered that defendant register as a sex offender for his natural life and enroll in satellite-based monitoring for his natural life.
 

 [2]
 

 A defendant, however, is not categorically precluded from stipulating to his prior record level or prior convictions in order to support a finding that a defendant is a recidivist for purposes of the SBM statute.
 
 State v. Arrington,
 

 226 N.C.App. 311
 
 , 316-17,
 
 741 S.E.2d 453
 
 , 457 (2013). In
 
 Arrington,
 
 this Court affirmed an SBM order, for which the defendant stipulated to his prior
 
 North Carolina
 
 convictions.
 
 Id.
 
 at 316-17,
 
 741 S.E.2d at 456-57
 
 . This Court found that
 

 [t]he prior record worksheet and the stipulation by counsel to [the] defendant's prior convictions support a finding that [the] defendant had been convicted of indecent liberties with a child ...
 
 even though it appears that the State did not introduce the judgment or record of conviction from that case, or a copy of [the] defendant's criminal history.
 

 Id.
 
 at 316,
 
 741 S.E.2d at 456-57
 
 (emphasis added) (citation omitted).
 

 Even though "the State did not introduce the judgment or record of conviction,"
 
 see
 
 id.,
 

 because the prior convictions in
 
 Arrington
 
 were North Carolina convictions and not out-of-state convictions, as they are in this case, there was no need for the State in
 
 Arrington
 
 to offer evidence that the prior convictions were "substantially similar" to North Carolina offenses, as was required here.
 
 Cf.
 

 State v. Wright,
 

 210 N.C.App. 52
 
 , 70-73,
 
 708 S.E.2d 112
 
 , 125-27 (2011) (vacating and remanding for new sentencing hearing where "the trial court erred in its classification and assignment of points to two out-of-state convictions" because the State failed to produce any evidence that the convictions were "substantially similar" to any North Carolina offenses).
 

 [3]
 

 The only prior convictions which could have constituted prior reportable convictions in order to qualify defendant as a recidivist were his out-of-state convictions. Defendant's North Carolina convictions for felonious indecent exposure cannot function as "prior convictions" for purposes of categorizing defendant as a recidivist because defendant was
 
 simultaneously
 
 convicted of both counts of indecent exposure on 4 September 2010 in case numbers 13CRS54303 and 11CRS55435. While "prior conviction" is not defined in Article 27A of Chapter 14 of the General Statutes, which addresses the sex offender programs, under N.C. Gen.Stat. § 15A-1340.11(7), "[a] person has a prior conviction when,
 
 on the date a criminal judgment is entered,
 
 the person being sentenced
 
 has been previously convicted
 
 of a crime...." N.C.G.S. § 15A-1340.11(7) (2013) (emphasis added).