DAVIS, Judge.
William Ray Battle, Jr. ("Defendant") appeals from his convictions for possession of a firearm by a felon, possession of a stolen firearm, and misdemeanor possession of marijuana. After a thorough review of the record and applicable law, we conclude Defendant received a fair trial free from prejudicial error.
Factual and Procedural Background
The State presented evidence tending to establish the following facts: At 9:39 a.m. on 2 April 2016, the Rocky Mount Police Department received "numerous reports of shots being fired in the South Pearl and Chester Street areas of the city." Six rounds of gunfire were heard "at the backdoor of 507 South Pearl Street...." One report stated that the suspect "was a black male with dark clothing...."
Corporal Walter Keeter, Officer Timothy Braddy, and Officer Patrick Pipkin with the Rocky Mount Police Department responded to the call and proceeded to 507 South Pearl Street. Corporal Keeter knocked on the door, and two women opened it. The officers observed several small children inside the house. Defendant also appeared in the doorway, and Corporal Keeter recognized him from prior interactions.
Corporal Keeter asked Defendant if the officers could search the house, but Defendant refused to give his consent. The officers informed Defendant that they had received reports of gunshots. Defendant initially denied having fired a weapon. However, he ultimately stated, "I shot the gun and I stashed it, but I don't want you to search the house."
Corporal Keeter obtained a search warrant, which the officers executed by searching the home. Upon searching the master bedroom, the officers discovered a Rossi .357 caliber handgun located behind a large chest of drawers. The officers also found several .357 bullets and 1.59 milligrams of marijuana in the bedroom. Upon conducting a search of the weapon's serial number through the NCIC database, the officers learned that it had been stolen from the Rocky Mount Police Department in 2013.
Defendant was indicted for possession of a firearm by a felon, possession of a stolen firearm, misdemeanor possession of marijuana, and discharging a firearm within the city limits in violation of a city ordinance. A jury trial was held before the Honorable Quentin T. Sumner in Nash County Superior Court. The State presented testimony from Corporal Keeter, Officers Braddy and Pipkin, and four other officers as well as the clerk of superior court. Defendant represented himself pro se at trial and testified on his own behalf. At the close of all the evidence, the trial court dismissed the charge of discharging a weapon within city limits.
On 15 November 2016, the jury found Defendant guilty of possession of a firearm by a felon, possession of a stolen firearm, and misdemeanor possession of marijuana. The trial court sentenced Defendant to 25 to 39 months imprisonment for the possession of a firearm by a felon charge along with a consecutive term of 20 to 33 months imprisonment for the remaining charges. Defendant filed a handwritten letter as his notice of appeal.
Analysis
I. Appellate Jurisdiction
As an initial matter, we must determine whether we possess jurisdiction over this appeal. Defendant filed a handwritten letter indicating his intent to appeal but failed to serve a copy of the letter on the State as required by Rule 4(c) of the North Carolina Rules of Appellate Procedure. The notice of appeal also failed to designate the judgment being appealed as required by Rule 4(b) and did not contain Defendant's signature. Defendant concedes that his written notice failed to conform to the requirements of Rule 4.
However, Defendant has filed a petition for writ of certiorari requesting appellate review of his convictions in the event that his notice of appeal is deemed to be insufficient to confer jurisdiction upon this Court. Pursuant to Rule 21(a)(1) of the Appellate Rules, this Court may, in its discretion, grant a petition for writ of certiorari and review an order or judgment entered by the trial court "when the right to prosecute an appeal has been lost by failure to take timely action...." N.C. R. App. P. 21(a)(1).
Here, the State does not contend that it was misled by Defendant's defective notice of appeal and acknowledges that it is within this Court's discretion whether to issue the writ of certiorari. See State v. Springle , --- N.C. App. ----, ----, 781 S.E.2d 518, 521 (2016) ("[A] defect in a notice of appeal should not result in loss of the appeal as long as the intent to appeal can be fairly inferred from the notice and the appellee is not misled by the mistake." (citation, quotation marks, and ellipsis omitted) ). In our discretion, we elect to grant Defendant's petition for writ of certiorari .
II. Sufficiency of Evidence
Defendant argues on appeal that the trial court should have dismissed the possession of a stolen firearm charge because the State's evidence was insufficient to support all of the essential elements of the offense.
For a defendant to be found guilty of possession of a stolen firearm, the State must present substantial evidence that (1) the defendant was in possession of a firearm; (2) which had been stolen; (3) the defendant knew or had reasonable grounds to believe the property was stolen; and (4) the defendant possessed the pistol with a dishonest purpose.
State v. Brown , 182 N.C. App. 277, 281, 641 S.E.2d 850, 853 (2007). Specifically, Defendant asserts that the State failed to prove that he had "reasonable grounds to believe the property was stolen" and that he was "acting with a dishonest purpose." Defendant concedes, however, that this issue was not preserved for appellate review because of his failure to make any motion to dismiss during trial.
Defendant requests that we invoke Rule 2 of the North Carolina Rules of Appellate Procedure "[t]o prevent manifest injustice to a party, or to expedite decision in the public interest...." N.C. R. App. P. 2. Here, the State's evidence tended to establish that Defendant, a convicted felon, possessed a handgun that had been stolen from a police department and that Defendant was willing to admit to having fired shots but did not want the officers to search his house to discover the firearm he had used. Based on these facts, we do not believe this case presents the exceptional circumstances necessary to merit invocation of Rule 2. See State v. Campbell , 369 N.C. 599, 603, 799 S.E.2d 600, 602 (2017) (" Rule 2 relates to the residual power of our appellate courts to consider, in exceptional circumstances , significant issues of importance in the public interest or to prevent injustice which appears manifest to the Court and only in such instances ." (citation omitted) ). Thus, we decline to invoke Rule 2 to address Defendant's argument.
III. Closing Argument
Defendant next argues that the prosecutor improperly told the jury during closing arguments that he had knowledge that the handgun found by the officers was stolen. The relevant portion of the State's argument stated as follows:
[PROSECUTOR:] The two major charges that I asked you to focus on are the firearm by a felon and then the possession of a stolen firearm. The one thing you'll see, firearm by a felon has the two elements, the gun and the conviction. Possession of a stolen firearm has five elements, pretty much the same thing, is that he possessed a gun, he knew or had reason to know it was stolen and that it was, in fact, stolen. He did it with a dishonest purpose.
Now, if you have a gun and you're just-you know, it's not yours and you're just going to use it for own use, that's a dishonest purpose. That element's met.
He knew it was stolen. And you also heard Officer Keeter testify that he ran it through NCIC. That's the national database. As soon as a firearm is reported stolen in the State of North Carolina, they enter the serial number. As soon as that gun was recovered, they run it through NCIC. The serial numbers match. It was reported stolen out of Rocky Mount.
The original owner is the someone who resides in Rocky Mount. So that firearm was stolen. You have proof from the witness stand, it's a stolen firearm, and the defendant possessed it. The dishonest purpose, he was using it for him to fire. It wasn't his gun.
(Emphasis added.)
Defendant concedes that he failed to object to the prosecutor's statement that "[h]e knew it was stolen." "Where a defendant fails to object, an appellate court reviews the prosecutor's arguments to determine whether the argument was so grossly improper that the trial court committed reversible error in failing to intervene ex mero motu to correct the error." State v. Braxton , 352 N.C. 158, 200, 531 S.E.2d 428, 452-53 (2000) (citation and quotation marks omitted), cert. denied , 531 U.S. 1130, 148 L. Ed. 2d. 797 (2001). "[O]nly an extreme impropriety on the part of the prosecutor will compel this Court to hold that the trial judge abused his discretion in not recognizing and correcting ex mero motu an argument that defense counsel apparently did not believe was prejudicial when originally spoken." Id. at 200, 531 S.E.2d at 453 (citation and quotation marks omitted).
Our courts have rarely held that a prosecutor's statement is so grossly improper that the trial court's failure to intervene ex mero motu constitutes reversible error. See, e.g. , State v. Brown , 327 N.C. 1, 20, 394 S.E.2d 434, 445 (1990) (finding no reversible error where trial court did not intervene after prosecutor's remarks suggested that defendant's "alibi witnesses had motives to lie to protect him"); State v. Sistler , 218 N.C. App. 60, 74, 720 S.E.2d 809, 819 (trial court did not reversibly err by failing to intervene where prosecutor encouraged jury to infer that robbery victim had revoked consent to enter home previously given to defendant in contravention of court's earlier ruling on issue), disc. review denied , 365 N.C. 564, 724 S.E.2d 920 (2012).
Here, even assuming-without deciding-that the prosecutor's statement was objectionable, Defendant has not demonstrated that the conduct rises to the level of gross impropriety such that the trial court's failure to intervene constitutes reversible error. See State v. Frye , 341 N.C. 470, 492, 461 S.E.2d 664, 674 (1995) (holding that trial court did not reversibly err by failing to intervene even assuming arguendo that prosecutor's statement during closing argument was improper), cert. denied , 517 U.S. 1123, 134 L. Ed. 2d (1996). Thus, this assignment of error is overruled.
Conclusion
For the reasons stated above, we conclude Defendant received a fair trial free from prejudicial error.
NO PREJUDICIAL ERROR.
Report per Rule 30(e).
Judges CALABRIA and TYSON concur.