STATE v. SELF

[217 N.C. App. 638 (2011)]

———————————

STATE OF NORTH CAROLINA v. HUEY DEWAYNE SELF

No. COA11-839

(Filed 20 December 2011)

## 1. Satellite-Based Monitoring—subject matter jurisdiction— notification procedure

The trial court had subject matter jurisdiction to conduct a satellite-based monitoring (SBM) determination hearing. N.C.G.S. § 14-208.40B(b), which governs the notification procedure for an offender when there was no previous SBM determination at sentencing, does not require the North Carolina Department of Correction to either file a complaint or issue a summons in order to provide a defendant with adequate notice of an SBM determination hearing.

## 2. Appeal and Error—preservation of issues—constitutional issue already settled

Our Supreme Court has previously rejected the argument that the imposition of lifetime satellite-based monitoring constituted an unconstitutional *ex post facto* punishment.

Appeal by defendant from order entered 9 February 2011 by Judge Mark E. Powell in Buncombe County Superior Court. Heard in the Court of Appeals 30 November 2011.

*Attorney General Roy Cooper, by Assistant Attorney General Lisa Y. Harper, for the State.*

*Jon W. Myers, for defendant-appellant.*

CALABRIA, Judge.

Huey Dewayne Self ("defendant") appeals the trial court's order requiring him to enroll in satellite-based monitoring ("SBM") for the remainder of his natural life. We affirm.

## I. Background

On 28 November 1983, defendant was convicted of the offense of third degree criminal sexual conduct in Charleston County, South Carolina. On 14 October 2004, defendant pled guilty to one count of attempted second degree sexual offense and one count of assault on a female. The trial court sentenced defendant to an active term of imprisonment of a minimum of 71 months to a maximum of 95 months in the North Carolina Department of Correction ("NCDOC").

Defendant was released from NCDOC on 16 July 2010. Prior to his release, NCDOC notified defendant, via a letter delivered by defendant's probation officer, that he would be subject to an SBM determination hearing. An SBM determination hearing was conducted on 9 February 2011 in Buncombe County Superior Court. The trial court found that defendant was a recidivist and ordered defendant to enroll in SBM for the remainder of his natural life. Defendant appeals.

## II. Subject Matter Jurisdiction

[1] Defendant argues that the trial court lacked subject matter jurisdiction to conduct an SBM determination hearing because NCDOC did not file a complaint or issue a summons to defendant as required by the North Carolina Rules of Civil Procedure. We disagree.

Defendant is correct that our Supreme Court has held that the SBM program is a civil regulatory scheme. *See State v. Bowditch*, 364 N.C. 335, 352, 700 S.E.2d 1, 13 (2010). However, contrary to defendant's contention, SBM hearings are not required to be initiated pursuant to the North Carolina Rules of Civil Procedure. The Rules of Civil Procedure "govern the procedure in the superior and district courts of the State of North Carolina in all actions and proceedings of a civil nature *except when a differing procedure is prescribed by statute.*" N.C. Gen. Stat. § 1A-1, Rule 1 (2009)(emphasis added). As this Court has previously stated, "our General Assembly devised a separate procedure for determining eligibility for SBM and clearly granted the Superior Courts subject matter jurisdiction to conduct these determinations pursuant to specific statutory procedures." *State v. Jarvis*, ___ N.C. App. ___, ___, 715 S.E.2d 252, 257 (2011).

N.C. Gen. Stat. § 14-208.40B (b) (2009), which governs the notification procedure for an offender when there was no previous SBM determination at sentencing, does not require NCDOC to either file a complaint or issue a summons in order to provide a defendant with adequate notice of an SBM determination hearing. Moreover, defendant does not contend that the letter from NCDOC failed to comply with the notification provisions of N.C. Gen. Stat. § 14-208.40B (b). Accordingly, we must conclude that NCDOC properly initiated defendant's SBM determination hearing, and that, as a result, the trial court had jurisdiction to conduct the hearing. This argument is overruled.

### III. *Ex Post Facto*

[2] Defendant argues that the imposition of lifetime SBM constitutes an unconstitutional *ex post facto* punishment. As defendant concedes, our Supreme Court has previously rejected this precise argument. *See Bowditch*, 364 N.C. at 352, 700 S.E.2d at 13 (holding that the SBM program is a civil regulatory scheme that does not implicate constitutional protections against *ex post facto* laws). Since this Court is bound by *Bowditch*, defendant's argument must be overruled.

### IV. Conclusion

N.C. Gen. Stat. § 14-208.40B (b) does not require NCDOC to file a complaint or issue a summons in order to initiate an SBM determination hearing. The SBM program, as a civil regulatory scheme, does not violate the constitutional prohibition against *ex post facto* punishment. The trial court's order is affirmed.

Affirmed.

Judges BRYANT and STROUD concur.