INMAN, Judge.
Defendant Steven Lowery appeals the order requiring him to enroll in satellite-based monitoring ("SBM") for the remainder of his natural life. On appeal, defendant contends that: (1) the trial court lacked jurisdiction to order SBM because defendant had already given notice of appeal from the underlying criminal conviction; (2) the trial court lacked subject matter jurisdiction to order SBM because the State failed to comply with the notice provisions of N.C. Gen.Stat. § 14-208.40B ; and (3) the trial court's finding that defendant was convicted of an aggravated offense was unsupported by competent evidence.[1]
After careful review, we affirm.
Factual and Procedural Background
On 13 March 2014, defendant was convicted of second degree rape, a violation of N.C. Gen.Stat. § 14-27.3, and sentenced to an active term of 67 to 141 months imprisonment. On the judgment sheet, box 8, which indicates whether a defendant has been convicted of a reportable offense for purposes of SBM, was not checked, and the trial court did not determine during the sentencing hearing defendant's eligibility for SBM. Defendant gave oral notice of appeal from the rape conviction.
On 25 August 2014, the district attorney issued and a superior court judge signed an "Application and Writ of Habeas Corpus Ad Prosequendum" (the "Application and Writ") ordering defendant be brought from Morrison Correctional to Gaston County Superior Court for a hearing on 2 September 2014. The Application and Writ did not specify the nature or purpose of the hearing. On the designated date, a hearing was held to determine defendant's eligibility for SBM. The prosecutor noted that defendant had been convicted of "secondary rape" but that both the prosecutor and the trial judge had failed to address defendant's eligibility for SBM at the time. Defense counsel conceded that defendant's conviction for second degree rape was an "aggravated" offense but contended that because the conviction had been appealed to this Court, the superior court lacked jurisdiction to decide the matter. However, Judge Sumner, noting that SBM is a "civil matter," proceeded to determine defendant's eligibility. Defense counsel waived the 15-days' notice requirement under N.C. Gen.Stat. § 14-208.40B(b), agreeing that there was no point in having defendant re-notified and brought back from prison again. Judge Sumner ordered defendant to enroll in lifetime SBM, concluding that defendant had appeared, defendant waived his 15-days' notice, defendant had been convicted of a reportable, aggravated offense, the Division of Adult Correction ("DAC") made an initial determination and notified defendant that his underlying conviction was for an aggravated offense, and the hearing was properly held in Gaston County. In the record, there is no indication that defendant was notified of the DAC's initial determination or that he received any notice of the SBM hearing other than the Application and Writ.
Defendant appeals the SBM order.
Defendant's Notice of Appeal
Initially, we must address this Court's jurisdiction over defendant's appeal. "In order to confer jurisdiction on the state's appellate courts, appellants of lower court orders must comply with the requirements of Rule 3 of the North Carolina Rules of Appellate Procedure." Bailey v. State,353 N.C. 142, 156, 540 S.E.2d 313, 322 (2000). Rule 3(d) requires that a notice of appeal designate "the court to which appeal is taken." N.C. R.App. P. 3(d) (2013). Here, defendant's notice of appeal fails to do so, and defendant filed a petition for writ of certiorariin an abundance of caution. Although this defect is jurisdictional in nature, Abels v. Renfro Corp.,126 N.C.App. 800, 802, 486 S.E.2d 735, 737 (1997),
this Court has liberally construed this requirement [of Rule 3(d) ] and has specifically held that a plaintiff's failure to designate this Court in its notice of appeal is not fatal to the appeal where the plaintiff's intent to appeal can be fairly inferred and the defendants are not misled by the plaintiff's mistake[,]
Phelps Staffing, LLC v. S.C. Phelps, Inc.,217 N.C.App. 403, 410, 720 S.E.2d 785, 791 (2011). In its response to defendant's petition for writ of certiorari,the State concedes that it has not suffered any prejudice by this defect and was able to "fairly infer [defendant's] intent to appeal to this Court." Accordingly, the defect in defendant's notice of appeal does not prevent us from obtaining jurisdiction, and we deny defendant's petition and address the merits below.
Analysis
Defendant first argues that, pursuant to N.C. Gen.Stat. § 1-294, the trial court lacked subject matter jurisdiction to order SBM because defendant had already appealed his underlying criminal conviction for second degree rape.
On appeal, we review arguments raising the issue of subject matter jurisdiction de novo. Romulus v. Romulus,216 N.C.App. 28, 32, 715 S.E.2d 889, 892 (2011).
SBM hearings are civil proceedings and have no effect on a defendant's prior conviction that serves as the basis for ordering SBM. State v. Singleton,201 N.C.App. 620, 624, 689 S.E.2d 562, 565 (2010). Moreover, they are not part of the defendant's criminal trial nor are they criminal proceedings. Id.Accordingly, defendant's civil SBM hearing is separate and distinct from proceedings related to defendant's conviction, and his appeal from that conviction has no bearing on the trial court's authority to determine his SBM eligibility.
Moreover, we disagree with defendant's reliance on N.C. Gen.Stat. § 1-294 to support his argument that the criminal appeal divested the trial court's jurisdiction to order SBM. "The rule codified by N.C. Gen.Stat. § 1-294 is that once an appeal is perfected, the lower court is divested of jurisdiction." Ross v. Ross (now Osborne),194 N.C.App. 365, 368, 669 S.E.2d 828, 831 (2008). However, N.C. Gen.Stat. § 1-294 (2013) is located under Chapter 1 of our General Statutes which is titled "Civil Procedure"; thus, this statute only governs civil appeals and would not be implicated in defendant's appeal of the rape conviction.
Finally, following defendant's reasoning, any criminal defendant who gives notice of appeal from the underlying criminal conviction before the SBM determination would prevent the trial court from entering SBM orders. This approach would frustrate the General Assembly's purpose in enacting N.C. Gen.Stat. § 14-208.40B which governs situations, like the present one, where the SBM proceedings are not held contemporaneously with the underlying criminal action. Although a district attorney may initiate SBM proceedings during the sentencing phase of a defendant's trial under N.C. Gen.Stat. § 14-208.40A, the General Assembly, by enacting Section 14-208.40B, ensured that if the trial court failed to determine an offender's SBM eligibility at sentencing, the offender would still be subject to a determination at a later date. Moreover, requiring that SBM orders only be entered once a defendant has exhausted his appeals of the underlying criminal conviction would be "unnecessary," State v. Smith,--- N.C.App. ----, ----, 749 S.E.2d 507, 512 (2013), because a defendant who is successful on appeal would have his SBM order vacated under N.C. Gen.Stat. § 14-208.6C which provides that "[t]he period of registration required by any of the provisions of [Article 27A: "Sex Offender Registration Programs"] shall be discontinued only if the conviction requiring registration is reversed, vacated, or set aside[.]"
Next, defendant argues that the trial court lacked subject matter jurisdiction to order SBM because it failed to comply with the notice requirements in N.C. Gen.Stat. § 14-208.40B.[2] Because this argument raises the issue of subject matter jurisdiction, defendant contends he can raise it for the first time on appeal.
We review this issue de novo. Romulus,216 N.C.App. at 32, 715 S.E.2d at 892.
In support of his argument, defendant cites State v. Self,217 N.C.App. 638, 640, 720 S.E.2d 776, 777 (2011). In Self,this Court rejected the defendant's argument that the Department of Correction's failure to file a complaint or issue a summons under the Rules of Civil Procedure deprived the trial court of subject matter jurisdiction to conduct an SBM hearing. Id.Instead, this Court concluded that because the General Assembly devised a separate procedure to determine a defendant's eligibility for SBM and granted the trial courts subject matter jurisdiction to conduct those determinations, compliance with the North Carolina Rules of Civil Procedure was not required to establish subject matter jurisdiction. Id.at 639-40, 720 S.E.2d at 777. Thus, the SelfCourt never held that the notice provisions in N.C. Gen.Stat. § 14-208.40B(b) affected subject matter jurisdiction.
This Court, in State v. Wooten,194 N.C.App. 524, 526-28, 669 S.E.2d 749, 750-51 (2008), which we are bound by, see In re Civil Penalty,324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989), summarily dismissed a defendant's argument, much like the one raised here, that the notice provisions in N.C. Gen.Stat. § 14-208.40B(b) implicated subject matter jurisdiction. In Wooten,our Court concluded that the statutory requirements of N.C. Gen.Stat. § 14-208.40B(b) are "merely ... notice provisions to protect the due process rights of offenders" given that the SBM program has to apply to "multiple categories of offenders that are in different stages of the judicial process[.]" Id.This Court explained that to hold otherwise would "create a situation where the court would lack subject matter jurisdiction over an entire class of offenders to whom the legislature intended the statute applied." Id.
Thus, based on Wooten,defendant's contention that the N.C. Gen.Stat. § 14-208.40B(b) notice provisions implicate subject matter jurisdiction is incorrect; instead, defendant's argument raises the issue of due process, which may not be raised for the first time on appeal. See State v. Bell,359 N.C. 1, 28, 603 S.E.2d 93, 112 (2004). Furthermore, even if we were to conclude that defendant's argument could be raised for the first time before this Court, defendant has failed to include any argument on appeal regarding the alleged violation of defendant's due process rights. "Our scope of appellate review is limited to those issues set out in the record on appeal." State v. Hamilton,351 N.C. 14, 22, 519 S.E.2d 514, 519 (1999). Accordingly, since defendant's argument for this issue addresses subject matter jurisdiction, not due process, defendant has waived this argument on appeal.
Finally, defendant argues that there was no competent evidence to support the trial court's finding of fact that defendant had been convicted of an "aggravated offense" requiring lifetime enrollment in SBM. We disagree.
We review a trial court's findings of fact in a SBM order to determine whether they are supported by any competent evidence. State v. Kilby,198 N.C.App. 363, 366, 679 S.E.2d 430, 432 (2009). When determining whether an offense constitutes an aggravated offense, the Court may only consider the elements of the offense, and this Court has held that, for purposes of SBM, the plain language of the definition of "aggravated offense," as stated in N.C. Gen.Stat. § 14-208.6(1a), includes second degree rape since that offense necessarily involves the use of force. State v. McCravey,203 N.C.App. 627, 641, 692 S.E.2d 409, 420 (2010). Here, after the State informed Judge Sumner that defendant had previously been convicted of second degree rape, defendant raised no objection and even agreed with the prosecutor. Defense counsel conceded to the judge that: "there are four aggravating, I think, type [sic] of cases that are aggravated, and this is one of them." Here, defense counsel's concessions constituted competent evidence to support the finding that defendant committed second degree rape, an "aggravated offense," requiring lifetime enrollment in SBM.
Conclusion
Based on the foregoing, we affirm the trial court's order requiring defendant enroll in SBM for the remainder of his life.
AFFIRMED.
Judges ELMORE and GEER concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from order entered 3 September 2014 by Judge Robert T. Sumner in Gaston County Superior Court. Heard in the Court of Appeals 18 March 2015.

Defendant also put forth an argument "incorporat[ing] by reference any and all arguments he made in COA14-777," the appeal of the rape conviction, because "[t]he outcome of the appeal from the original judgment has the potential to affect this appeal." However, as noted by the State, this point is moot given that this Court recently filed State v. Lowery, 2015 WL 234643 (20 January 2015) (unpublished), concluding that defendant's judgment for second degree rape was free from error.

Defendant waived the 15-days' notice requirement under N.C. Gen.Stat. § 14-208.40B(b) at the hearing. However, there is no indication that defendant waived any other notice requirement codified in that statute.